PHILLIPS *against* TRULL.

In an action for an assault and false imprisonment, it is no justification that the plaintiff being engaged in an affray was taken into custody, until he could be bro't before a justice, without stating that the defendant was an officer, or acted under a warrant.

THIS was an action for an assault and battery and false imprisonment. The declaration contained three counts; in the 1st and 2d counts an assault and battery, and an imprisonment for six days were charged; in the 3d an assault and battery merely.

The defendant pleaded, 1. *Not guilty;* 2. As to the assaulting, &c. and imprisoning the plaintiff, and detaining him in prison for the space of ten hours, part of the time in the first count of the declaration mentioned, that the plaintiff and three other persons being in a house occupied by one *Elisha Fitch,* in *Manlius,* made a great noise, affray, disturbance, and riot in the said house, in breach of the peace, and because the defendant, being a labourer and lodger in the said house, at the request of the said *Fitch,* in attempting to keep the peace and stop the noise, &c. was assaulted by the plaintiff, he gave charge of the said plaintiff to one *Curtis* to take him into his custody, and keep him until he could be carried before a justice of the peace, to answer for the said breaches of the peace, and that, at the request and by the order of the defendant, the said *Curtis* gently laid his hands on the said plaintiff and took him into custody for the purposes aforesaid; but because it was midnight, and the plaintiff could not be immediately carried before a justice, he was necessarily detained in the custody of *Curtis* until the next day, and that he was, as soon as he conveniently could be, carried before a justice; and the defendant avers, that, by means of the premises, the plaintiff was necessarily imprisoned for the space of ten hours, part of the said time; which is the same, &c.

To this *second* plea the plaintiff demurred specially; because, 1. It does not answer the first count of the declaration; 2. That it is no justification or bar to the action; 3. That it is double and argumentative, and in other respects uncertain, informal and insufficient.

*Sill,* in support of the demurrer. The plea is founded on the supposition that a private person may not only arrest another

NEW YORK,
October, 1814.

PHILLIPS
v.
TRULL.
[*]1 Bac. Abr. 246.
Assault, (C.)
1 Ld. Raym.
229.
[†] Burns' Justice, 161 5 Com.
Dig. Plead. 3
M. (22)
[‡] 9 Went. Pl.
97.344,345,346.

[§] 2 Str. 1095.

[||] 3 Term Rep.
297. 1 Saund.
28. n. 2.

[**] 2 Saund. 5.
n. 2.

who is breaking the peace, but may lawfully command a third person to arrest the disturber. This is not the law.

Again, the plea only justifies a part, and is, therefore, bad.[*] It ought to have traversed the force and arms.

*Wendell*, contra. The defendant may justify an assault, in laying hands on another who is breaking the peace.[†] Similar pleas to the present are to be found in the books of precedents.[‡] The alleging of the continuance of the trespass for six days, is only matter of aggravation or inducement, and need not be alleged with certainty.[§] And the plea need not answer matter of aggravation or inducement, but only what is material.[||] An answer to what goes to the *gist* of the action covers the whole declaration.

Where a justification is of the same trespass, the plea is good, without a traverse.[**]

PLATT, J. delivered the opinion of the court. All persons whatever, who are present when a felony is committed, or a dangerous wound is given, are bound to apprehend the offenders. (3 *Hawk. P. C.* 157. *Arrest*, s. 1.) So any person whatever, if an affray be made, to the breach of the peace, may, without a warrant from a magistrate, restrain any of the offenders, in order to preserve the peace, but after there is an end of the affray, they cannot be arrested without a warrant. (2 *Inst.* 52. *Burns' Justice*, 92.)

*Hawkins* (3 *Hawk. P. C.* 174. b. 2. s. 20.) says, " It seems clear, that, regularly, no private person can, of his own authority, arrest another for a *bare breach* of the peace, after it is over.

We are of opinion, that the special plea of justification is bad ; and the plaintiff is, therefore, entitled to judgment on the demurrer.

*Judgment for the plaintiff.*