Nov. Term,
1852.

Pow
v.
Beckner.

---

## Pow *v.* Beckner and Others.

3   475
135   312

The clause in the charter of the town of *Lafayette* which makes it the duty of the marshal to suppress all riots, disorders, disturbances, and breaches of the peace, and with or without process to apprehend all disorderly persons or disturbers of the peace and convey them before a justice, &c., does not authorize the marshal to arrest an offender, without process, for a breach of the peace, after the offense has been committed and the disturbance has ceased.

The marshal who makes the arrest, and persons who, under his command,

Nov. Term,
1852.

Pow
v.
Bɪ ᴄᴋɴᴇʀ.

Wednesday.
November 24.

assist him, under such circumstances, are liable in trespass to the party arrested.

ERROR to the *Tippecanoe* Circuit Court.

Sᴍɪᴛʜ, J.—This was an action of trespass for an assault and battery and false imprisonment, brought by the plaintiff in error against *Beckner,* a marshal of the town of *Lafayette,* and six others.

The defendants pleaded separately and jointly.

The first plea was by all the defendants but *Beckner.*

It alleges that the corporate authorities of the town of *Lafayette* had passed certain ordinances which were in force at the date of the alleged trespasses, by which it was made the duty of the marshal to suppress all riots, disorders, disturbances, and breaches of the peace, and with or without process to apprehend all disorderly persons or disturbers of the peace, and convey them before a justice of the peace; and by which it was further ordained, that if any person or persons, when commanded by the marshal to aid him in apprehending and conveying to any justice's office within said corporation any such offender, should refuse or neglect to obey such command, he or they should, on conviction thereof, be fined, &c. The defendants then aver, that on the eve of a general mob and riot in the night-time, and immediately preceding the commission of said supposed trespasses, the plaintiff did, within the corporate limits of said town, violate the said ordinances by quarreling with and offering to fight a person whose name was unknown to the defendants, and by whooping, screaming, singing blackguard songs, &c., and by resisting the said *Beckner,* who was then and there marshal of the said town, in his efforts to take the said plaintiff into custody; and that these defendants were commanded by the said marshal to assist him, and they did, therefore, assist him to arrest and conduct the plaintiff before a justice of the peace, using no more force than was necessary, which was the trespass complained of.

The second plea was by *Beckner* alone. After reciting the ordinances set out in the first plea, it avers that "the

plaintiff did, within the corporate limits of said town, as

this defendant was then and there informed by one ——, (whose name is to this defendant unknown,) and as this defendant verily believes, from such information, violate the ordinances of said president and trustees of said town of *Lafayette*, above set forth, by then and there quarreling with and offering to fight one ——, (whose name is to this defendant unknown,) and by then and there profanely cursing and swearing," &c.; "wherefore this defendant, fully believing, from said information, that the said plaintiff had immediately preceding thereto been guilty of said acts and violations of said ordinances," did, with the as-sistance of the other defendants, arrest the plaintiff, &c.

The third plea is similar to the first, but it was pleaded by the defendants jointly.

The fourth plea, by all the defendants except *Beckner*, after reciting the ordinances, avers that at said town, on the eve of a general mob and riot, in the night-time, and immediately preceding the commission of the said alleged trespasses, these defendants were informed by *Beckner* that the plaintiff had violated said ordinances by quarreling with and offering to fight, &c., and that *Beckner*, being marshal, &c., commanded them to assist him in arresting the plaintiff, and, in obedience to said command, they did assist the said marshal to arrest the plaintiff, which was the same trespass, &c.

The plaintiff filed two replications, one to the first and third pleas, and one to the second and fourth pleas. These replications are alike. They both say the plaintiff did not violate the said ordinances in manner and form, &c. The defendant demurred to the replication to the second and fourth pleas, and the demurrer being sustained, the Court rendered judgment thereon against the plaintiff.

We think the second plea is insufficient. It sets up as a justification of the trespasses complained of, that the marshal was informed by some unknown person that the plaintiff had been guilty of violating the ordinances re-

cited, by committing a breach of the peace, and relies upon the supposed power of the officer to arrest without process in such cases. The authority conferred upon the marshal by the ordinance is similar to that possessed by constables and other police officers at common law. It is made his duty to suppress all riots and disorders, and to apprehend either with or without process all disorderly persons or disturbers of the peace, but this should not be construed to mean that he should arrest for a breach of the peace after the offense had been committed and the disturbance had ceased. The obvious intent of the ordinance from which he derives his powers, was to enable him to suppress riots and disorders in actual progress without waiting to procure process, and to this extent the authority given him is reasonable and proper, but an authority to arrest for such offenses after they had been committed without process, and upon vague information communicated to him, would be unnecessary for the preservation of the public peace and liable to great abuses. To justify a constable in apprehending without process for an affray, the affray must take place in his view and be still continuing. After it is over he has no more power to arrest the offenders than any other person. *Cook* v. *Nethercote*, 6 C. & P. 741.—*Coupey* v. *Henley*, 2 Esp. 540. —*Fox* v. *Gaunt*, 3 B. & Ad. 798. The power given to the marshal, who is one of the defendants in this case, is not greater than that possessed by constables, and appears to have been given with the view of placing him upon the same footing with that class of officers.

The fourth plea must also be considered bad. The averments do not show any authority in the marshal to make the arrest, and, consequently, they fail to show that he had any authority to command the assistance of the other defendants. The latter might have required the marshal to inform them what authority he had, and it must be presumed that they knew he had no authority to make the arrest, under the circumstances of the case, without a warrant.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

Nov. Term, 1852.

*J. Pettit* and *S. A. Huff*, for the plaintiff.

*Z. Baird* and *E. H. Brackett*, for the defendants.