## THE PEOPLE *v.* ABRAM ADLER.

Form of a *certiorari* to remove a cause from the Court of Sessions of a county to the Supreme Court, after verdict and before sentence.

A private person is permitted by law to arrest without warrant and take before a magistrate one who has committed a felony ; but for mere misdemeanors, after their commission, an arrest can only be made upon a warrant from a magistrate.

The common law rule that petit larceny is a felony has not been changed by the Revised Statutes.

On trial of an indictment for assault and battery, it is a good defence that the complainant had committed petit larceny, and that the alleged assault and battery consisted in arresting him therefor, without process, and delivering him to a public officer.

CERTIORARI to the Monroe County Sessions. The writ of *certiorari* was in the following form :

The People of the State of New-York, to the Court of Sessions, in and for the County of Monroe, Greeting:

We, having been informed that Abram Adler, of said county, was lately in the said Court of Sessions tried and convicted of the crime of assault and battery, upon an indictment theretofore found against the said Abram Adler ;

and that, upon the said trial of the said indictment, exceptions to certain decisions of said court were made by the said Abram Adler, and that a bill of the said exceptions has been settled, signed and sealed by the judge composing said court, and filed with the clerk of said court; and we being willing, for certain reasons, that the said indictment and bill of exceptions, and other proceedings thereon, remaining in the said court, should be certified by the said court to, and removed into, our Supreme Court, do hereby command you, that you do certify and return, without delay, said indictment and bill of exceptions, and other proceedings thereon, into our said Supreme Court, together with this writ, so that the said Supreme Court may further cause to be done thereupon what of right and according to law ought to be done.

Witness, E. Darwin Smith, one of the justices of our Supreme Court, at the Court-house, in the city of Rochester, in the county of Monroe, the 24th day of July, in the year one thousand eight hundred and fifty-six.

WM. N. SAGE,

E. A. RAYMOND,                                    *Clerk.*
    *District Attorney of Monroe county.*


The return showed that the defendant had been indicted in the Court of Sessions of Monroe county for an assault and battery on one Dennis Connors and pleaded not guilty.

The indictment was brought to trial on 7th March, 1856.

The District Attorney proved that the defendant, on or about 1st October, 1855, asked Connors, who was passing along in front of defendant's grocery store, in Rochester, to come into his store, and when in, that defendant seized hold of Connors by the collar, and held him there some time against his will, alleging that said Connors had, one week before that time, stolen from him ham and fish to the amount in value of $3. The prosecution then rested.

The counsel for defendant then offered to prove that Connors had, one week before that time, committed petit lar-

ceny, in stealing a piece of ham and some fish, of the value in all of $3, the property of defendant; that seeing Connors pass, he seized him, and detained him upon the alleged charge, without any process or warrant, until he sent for a police officer to take him in charge, who did take him in charge and carried him before the police magistrate of Rochester.

This was objected to by the District Attorney, on the ground that even although a private person might arrest one who had committed a felony, yet that, for a mere misdemeanor (which, for the purposes of the defence, he alleged petit larceny to be), a private person, without warrant or previous investigation and process, could not arrest, and that if the defendant proved the facts stated in his offer, it would be no justification.

· The court sustained the objection, and the testimony offered was excluded; to which decision the defendant's counsel excepted.

The jury found the defendant guilty, under the instructions of the court, and a bill of exceptions having been filed the cause was brought up by *certiorari.*

*T. Frothingham,* for the defendant.

I. The defendant had a right to arrest Connors, without warrant, if a felony at common law had previously been committed by him. Any private person who is present when a felony is committed is bound by law to arrest the felon, under pain· of fine and imprisonment if he escape through his negligence. (2 *Hawk. P. C.,* 74.) There are other cases in which, though the law does not enjoin an arrest, yet it permits it. Thus, upon probable suspicion a private person may, if a felony has actually been committed by some one, arrest or direct a peace officer to arrest the party whom he supposes to be guilty. (1 *Chitty Cr. L.,* 15, 16; 1 *Hale,* 588, 589; *Barb. Cr. L.,* 477, 478, *and cases*

*there cited.*)   And if it can be proved that a felony had been committed by some one, and there was a reasonable and probable ground for suspicion, he will not be liable to an action, though it be afterwards proved that the party imprisoned was innocent. (4 *Taunt.*, 34; 5 *Price*, 525.)   As the object of the rule is the prevention and punishment of crime, it is immaterial whether the thief be arrested in the act, or subsequently.   Public policy would not allow, and the above authority denies, any such distinction.   In this case defendant offered to prove that a petit larceny had actually been committed, and that Connors was actually guilty thereof.   The whole question turns on the meaning of the word felony; if it includes the offence of petit larceny, then the proof offered should have been admitted, and the defendant acquitted thereon.

II. Petit larceny is felony at common law. (2 *Inst.*, 183; 4 *Bl. Com.*, 99.)   Felony may be, without inflicting capital punishment, as in the cases instanced of self-murder, excusable homicide and petit larceny.   Petit larceny is still a felony.   The Revised Statutes have not reduced it to the grade of a misdemeanor. (*Ward* v. *The People*, 3 *Hill*, 396.)   The provision of the Revised Statutes, declaring felonies petit larceny, defines statute felonies, but leaves those existing at common law untouched by the statute. In *Ward* v. *The People* (6 *Hill*, 144; *S. C. in Court of Errors*), the same doctrine was tacitly approved and affirmed, with the declaration that in petit larceny there can be no accessories, on account of the smallness of the felony.   Judgment of Supreme Court affirmed.   Another case in 5 *Hill*, does not interfere with the above doctrine; but the same judge, while reaffirming that petit larceny is felony, decides that in the section of the statute which removes the common law disqualification in all cases of conviction for " any offence other than a felony," the term felony, there used, only means that offence as declared and defined in the same act. (*Carpenter* v. *Nixon*, 5 *Hill*, 261.)   The first marginal note in

this case, in 5 *Hill,* is incorrect and is not what the case decides.

III. The difficulty with the County Court in this case was, that they were misled by that section of the statute (2 *R. S.,* 886, § 34, *4th ed.*) defining felony, as used in the statute, viz.: " The term 'felony,' when used *in this act,* or in any other statute, shall be construed to mean an offence for which the offender, on conviction, shall be liable by law to be punished by death or by imprisonment in a state prison." The legislature never intended to change the common law nature of this offence. The object of the definition appears to be entirely otherwise. It seems to me to be a definition used only to make plain the meaning of other enactments in the same statute when the word is used. And it does not follow that because in the same act they affix to petit larceny a lighter punishment than confinement in state prison, that therefore by reason of the supplementary definition, the offence ceases to be a felony at common law. The statute nowhere in words declares petit larceny to be no longer a felony; hence it must still remain a felony, only visited with a lighter penalty than under the common law.

*E. A. Raymond* (District Attorney), for the people.

I. A private person may arrest another while such other is engaged in the commission of a felony or breach of the peace. (*Barb. Cr. Law,* 549, 550, 2d ed.; 11 *John.,* 486 ; 3 *Wend.,* 350 ; 1 *Chitty Cr. Law,* 16, 17, 18.) But a private person is not permitted to arrest, after an affray or other misdemeanor has been committed, and before indictment found. It has been held that a constable is not justified in making an arrest, under these circumstances, without a warrant. (1 *Chitty Cr. Law,* 23 ; *Rosc. Cr. Ev.,* 614; *Fox* v. *Gaunt,* 3 *Barn. & Adolph.,* 798 ; *Barb. Cr. Law,* 550.)

II. This permission thus extended to a private individual is limited to cases of felony, and affrays while taking place.

1. In this case, the crime with which the complainant, Connors was charged, was petit larceny, which is a misdemeanor. (2 *R. S.*, 701, § 23 ; *Carpenter* v. *Nixon*, 5 *Hill*, 260.)    2. The defendant seized Connors several days after the commission of the said larceny.    3. The law gives to the private person a bare permission to arrest, after the commission of a felony.    The circumstances should therefore be taken most strongly against him who seeks justification by them.

*By the Court,* T. R. STRONG, J.    A private person is permitted by law, without warrant, to arrest and take before a magistrate one who has committed a felony. ( 1 *Chitty Cr. L.*, 15, 16 ; 1 *Hale P. C.*, 587, 588 ; *Barb. Cr. L.*, 550 ; *Holley* v. *Mix*, 3 *Wend.*, 350 ; 2 *Hawk. P. C.*, 118–120 ) ; but for mere misdemeanors, after their commission, an arrest can only be made upon a warrant from a magistrate. (2 *Hawk. P. C.*, 121, 122 ; *Philips* v. *Trull*, 11 *Johns.*, 486 ; *Barb. Cr. L.* 551.)

By the common law the crime of petit larceny is a felony. ( 1 *Hale P. C.*, 530 ; 1 *Hawk. P. C.*, 146. )    It was supposed by the court below that the Revised Statutes have reduced the offence to a misdemeanor.    There are only two provisions of the Statutes which have a bearing on the question.    By 2 *R. S.* (*p.* 690, § 1), it is declared " that every person who shall be convicted of stealing, taking and carrying away the personal property of another, of the value of twenty-five dollars or under, shall be adjudged guilty of petit larceny." Section thirty (*p.* 702) provides that " the term felony, when used in this act or in any other statute, shall be construed to mean an offence for which the offender, on conviction, shall be liable by law to be punished by death or by imprisonment in a state prison."    It will be observed that the definition of the latter section applies only when the word is used in a statute ; and that the former section does not use the word, and is silent as to the grade of petit larceny.    The common

The People *v.* Adler.

law rule, that petit larceny is a felony, therefore, appears to be untouched, and to remain in force in respect to all questions controlled solely by the common law. ( *Ward* v. *The People*, 3 *Hill*, 395 ; *Carpenter* v. *Nixon*, 5 *id.*, 260 ; *Ward* v. *The People*, 6 *id.*, 144.)

It follows, that the evidence offered, that Connors had committed petit larceny, and that the alleged assault and battery by the defendant consisted in arresting Connors therefor without process and delivering him to a public officer, should have been received, and would have constituted a complete defence to the indictment.

It is unnecessary to consider whether the declaring, by statute, the offence of petit larceny to be less than felony, would, without anything more, abrogate the rule of the common law as to the right of a private person, without warrant, to arrest for that crime.

Conviction reversed and proceedings remitted for a new trial.