## Case No. 14,707.

### UNITED STATES v. CALDWELL.

[8 Blatchf. 131.] [1]

Circuit Court, S. D. New York. Jan. 3, 1871.

EXTRADITION — BROUGHT WITHIN JURISDICTION — TRIAL FOR ANOTHER OFFENCE.

The defendant was indicted for bribing an officer of the United States. He pleaded that he was brought into the jurisdiction of the court on ·a charge of forgery, under an extradition treaty, and that such offence of bribery was not within the treaty. On demurrer to the plea: *Held*, that the plea was bad.

[Cited in U. S. v. Johnson, Case No. 15,487: New Jersey v. Noyes, Id. 10.164; U. S. v. Lawrence, Id. 15,593; Re Miller, 23 Fed. 33; Ex parte Hibbs, 26 Fed. 429; U. S. v. Rauscher. 119 U: S. 424. 7 Sup. Ct. 243.]

[Cited in Adriance v. Lagrave. 59 N. Y. 113; State v. Stewart, 60 Wis. 590. 19 N. W. 429; Com. v. Hawes, 13 Bush, 703; Hackney v. Welsh, 107 Ind. 255. 8 N. E. 142; Ker v. People, 110 Ill. 639; State v. Vanderpool, 39 Ohio St. 276.]

[This was an indictment against Richard B. Caldwell for bribing an officer of the United States government. The prisoner pleads to the jurisdiction of the court. Heard on demurrer to the plea.]

Noah Davis, U.. S. Dist. Atty.
William H. Anthon. for defendant.

BENEDICT, District Judge. This case comes before the court upon a demurrer to the plea. The prisoner has been indicted for the offence of bribing an officer of the United States. To this indictment the defendant pleads, that this court ought not to take cognizance of the offence in the indictment specified, because, at the time when he was arrested and brought within the jurisdiction of this court, he was a resident of Prescott, in the province of Ontario, dominion of Canada, and was brought into the jurisdiction of this court on a charge of forgery, under the provisions of the treaty between her Britannic majesty and the United States of America. commonly called the "Ashburton Treaty," ratified August 9th, 1842 [8 Stat. 576], providing for the extradition of persons charged with certain offences, and the offence specified in said indictment is not one of the offences mentioned in the said treaty, and this court has no jurisdiction in the premises. To this plea the government demurs. and thus the question is raised, whether the facts set forth in the plea are sufficient to oust this court of jurisdiction to try the defendant for an offence otherwise conceded to be within its cognizance.

¹ [Reported by Hon. Samuel Blatchford. District Judge, and here reprinted by permission.]

· On the part. of the defence, reliance is placed upon sundry cases in the tribunals of this state; which furnish, it is claimed, a support to the proposition of the defence, that this court has jurisdiction of the person of the prisoner for a single purpose only, namely, his trial for the crime for which he was extradited. The cases referred to are civil cases, wherein the service of the warrant of arrest was set aside by the court on motion, because it appeared that the plaintiff in the action had resorted to fraud to procure the presence of the defendant within the territorial jurisdiction of the court, in order that he might cause his arrest. Such cases do not furnish a rule applicable in criminal prosecutions, nor do I find any case where a warrant of arrest of a person charged with crime at the instance of the people, has been set aside, because of deceit practiced to bring the accused within the reach of the warrant.

But. if the same rule were applicable in. criminal prosecutions and in civil actions.. and if the question here arose on a motion to set aside the arrest, instead of on a plea to the jurisdiction, I am of the opinion that the relief could not be granted, for the reason that the person of the ·prisoner is not within the jurisdiction of the United States by virtue of any warrant issued out of this · or any court. The prisoner was brought within the jurisdiction of the United States by virtue of a warrant of the executive authority of a foreign government, upon the requisition of the executive department of the government of the United States; and. while abuse of extradition proceedings. and want of good faith in resorting to them. doubtless constitute a good cause of complaint between the two governments, such complaints do not form a proper subject of investigation in the courts, however much those tribunals might regret that they should have been permitted to arise. To hold otherwise, would, in a case like the present, permit a person accused of crime to put the government on trial for its dealings with a foreign power. In the present case, there·· is hardly room for the charge that the extradition proceedings against the accused were in bad faith, inasmuch as the records of this. court show an indictment duly found against the accused for the crime by reason of which his extradition was granted. But, whether extradited in good faith or not. the prisoner, in point of fact, is within the jurisdiction of the court, charged with a crime therein committed: and I am at a loss for even a plausible reason for holding, upon such a plea as the present, that the court is without jurisdiction to try him. The question appears to me to be not one of jurisdiction of the court. but rather of privilege from arrest; and I cannot say that the fact, that the defendant was brought within the jurisdiction by virtue of a warrant of extradition for the crime of forgery, affords him a legal· exemption

from prosecution for other crimes by him committed.

I may add, that the Case of Heilbronn [Case No. 6,323], which, so far as I know, is not reported, probably affords a precedent for the action of the government in the present case. Heilbronn was delivered by the government of the United States to the government of Great Britain, upon a charge of forgery. When the facts out of which the charge arose were proved before the commissioner, the ground taken in his behalf was, that the crime committed was not forgery, but embezzlement. The commissioner held otherwise, and the prisoner was extradited; but, upon his arrival in Great Britain, he was there indicted and convicted of embezzlement, upon the same facts which had been claimed before the commissioner to show forgery. That case presented, therefore, the point now taken here; but, whether it was taken upon the trial in Great Britain, I do not know. I do not, therefore, refer to the case as an authority, but simply notice it, as, perhaps, a precedent.

The demurrer must be held to be well taken, but the defendant has leave to withdraw his plea, and enter a plea of not guilty.