## City Court.

### Trial Term—March, 1886.

## ALBERT CRUMEILL BY GUARDIAN *against* ROBERT HILL.

**Misdemeanor. Arrest by private person illegal.** The defendant had reasonable cause to suspect the plaintiff and one Edgar of stealing a tub of butter, valued at fourteen dollars. They accompanied him to the police station, where they were locked up for the night. The next morning the police magistrate committed them for trial. They were subsequently tried. Edgar was convicted, and the plaintiff acquitted. There was a dispute whether the plaintiff voluntarily accompanied the defendant or was obliged to accompany him. *Held,* that as the crime was but a misdemeanor, under the Penal Code, the dispute should have been sent to the jury: for, if the plaintiff was forced to accompany the defendant, the arrest was illegal, and the plaintiff was entitled to recover for the illegal arrest, without proving malice, and was entitled to whatever damages he suffered up to the time of his formal committal by the magistrate.

Crumeill *v.* Hill. .

Motion for new trial upon the minutes. .

*J. C. Denison,* for plaintiff.

*Jeroloman & Arrowsmith,* for defendant.

McAdam, Ch. J.—On January 7, 1884, there was stolen from the possession of the defendant, a tub of butter worth fourteen dollars. It was stolen in the night time, and suspicion of guilt pointed to two boys, viz.: Edward Edgar and Albert Crumeill, the plaintiff.

The boys were sent for, and came to the plaintiff's store. Edgar admitted his guilt, and said that Crumeill had stolen the tub and carried it down to a stable and had there given it to him (Edgar). On this, the boys were requested to go to the station-house and they accompanied the defendant hither.

Upon the arrival of the parties at the station-house, the plaintiff told his story and the boys told theirs.

Edgar again confessed his guilt and implicated Crumeill as his confederate in the crime.

The captain locked up both boys. They were taken to the police court next morning, and the stories before told were repeated.

The boys waived examination, and were committed for trial at the special sessions.

In his examination before the magistrate, the prisoner, Edward Edgar, was asked the following :

" *Question.* Give any explanation you may think proper of the circumstances appearing in the testimony against you, and state any facts which you think will tend to your exculpation ?"

To which he made the following :

" *Answer.* Albert Crumeill took the tub of butter from the front of the premises of the complainant and carried it down to the stable and there handed it to me."

Prior to the time when the plaintiff was sent for, he was seen in Edgar's company while the latter was trying to sell

the stolen tub.    Under these circumstances, any man of ordinary prudence would naturally have considered that he had reasonable and probable grounds for suspecting and believing that the two boys mentioned, were the thieves.

Upon the trial in the special sessions, the boy Edgar, who confessed his guilt, was fined one dollar, which he paid, and the plaintiff was pronounced "not guilty."

The plaintiff now sues the defendant for false imprisonment, claiming that as he was arrested without a warrant, and was finally acquitted, the defendant must be holden in damages for doing what he did.  ·No one suggests that the defendant was actuated by malice, nor can it be seriously claimed, that the defendant acted without probable cause.    Upon the trial, the complainant was discharged, and the present application is for a new trial upon the ground of error in ordering such dismissal.

It is practically conceded that if the defendant had obtained a warrant the plaintiff would have had no cause of action (Scanlan *v.* Cowley, 2 *Hilt.* 489) ; or that, if he had merely communicated the facts to an officer, requiring him to make the arrest on his own responsibility, the same result would have followed (Brown *v.* Chadsey, 39 *Barb.* 253).    But    because    the    tub of butter stolen was valued at but fourteen dollars, the crime (which, at common law, was a felony) having by the Penal Code been made a misdemeanor only (*Penal Code*, § 535), that the request of the plaintiff to accompany the said defendant to the station-house amounts to an arrest by a private person without warrant, and that hence the defendant is liable to some damages. In other words, it "gave the plaintiff (to use the language of the plaintiff's brief) a technical cause of action."

In Thorne *v.* Levick (94 *N. Y.* 90) the plaintiff, who was arrested at the defendant's request, was detained at the police station from November 3 till November 6, on which day he was discharged without any examination. The police

Crumeill *v.* Hill.

record. was, "Discharged on the evidence, as there was a mistake in identity," and this record was signed by the defendant.     In other words, the defendant, over his own signature asked that the plaintiff be discharged because he (the defendant) had arrested the wrong man.     In that case, the imprisonment was put on foot by the defendant, who finally terminated it on the ground that he had imprisoned the wrong man.     These proofs certainly made out a case for the jury, and the judge on the trial (at p. 96) left it to the jury to say, whether there was probable cause for arrest or not.     On the same page (96), the court of appeals said, "As no larceny was committed, it is not necessary to consider the question as to whether petit larceny is a felony."

In the present case, the plaintiff's own proofs made out a clear case of probable cause, and the defendant acted as almost any other business man would have done under like circumstances.     The boy Edgar, who confessed his crime, was adjudged guilty on his own plea; but why fined one dollar only does not appear.     The plaintiff was, fortunately for himself (all things considered), discharged. But the police captain held him, and the police justice held him.     The plaintiff waived an examination and the special sessions acquitted him.     In Thorne *v.* Levick (*supra*), there was no committal by a magistrate, and yet the court of appeals held that the complaint in that case alleged two causes of action : *First*, for false imprisonment in procuring plaintiff's arrest without a warrant for the alleged offense of stealing, &c.; *Second*, for malicious prosecution in preferring a charge for the same offense.     Under the authority of this case, the plaintiff was entitled to go to the jury on the question whether he voluntarily accompanied the defendant to the police station, and whether the imprisonment there was by the authority and on the responsibility of the officer in charge,—in which case the defendant is not liable,—or whether the plaintiff was formally arrested by the defendant, and whether his impris-

.Crumeill *v.* Hill.

onment at the police station was by the direction and on the responsibility of the defendant. If the plaintiff had been charged with a felony, this course would have been unnecessary; but, as he was simply charged with a *misdemeanor*, the case ought to have gone to the jury on these questions.

From the time the plaintiff was committed by the magistrate, the plaintiff is without any cause of action, so far as the proofs disclose, there being no malice, and the presence, rather than the absence, of probable cause, within the legal definition of that term (see Carpenter *v.* Shelden, 5 *Sand.* 77).

The damages seem to be severable under the decision last cited, so that, if the facts are found by the jury in favor of the plaintiff, they may award him such damages as he sustained up to the time he was legally held by the magistrate.

The motion for a new trial will, therefore, be granted, without costs.

### Petit Larceny Defined.

See *Penal Code,* § 535; and People *v.* Finn, 87 *N. Y.* 534.

### Arrest by Private Person.

An arrest by a private individual is excused only where a felony has in fact been committed, and there was reasonable cause to suspect the person arrested, although in truth innocent of its commission; but a constable is justified in making an arrest without warrant, though no felony has been actually committed, if he has reasonable ground to suspect that one has been, and acts in good faith and without evil design (Burns *v.* Erben, 40 *N. Y.* 463; *Cooley on Torts,* 174).

### Officer Serving his Own Process.

Where the officer is a party, neither he nor his deputy can serve the process (*Cooley on Torts,* 191; *Crocker on Sheriff's,* § 2; *Contra, Cowen Tr.* § 869)..

### Arrest for Misdemeanor Without a Warrant.

Arrest of citizen for misdemeanor without warrant illegal, unless act committed in presence of officer (*Code Crim. Pro.* § 183;

*Addison on Torts*, Wood's ed. § 804, p. 19; Phillips *v.* Trull, 11 *Johns.* 486; Wood *v.* Brooklyn, 14 *Barb.* 425; Para *v.* Becknet, 3 *Ind.* 475; Burns *v.* Erben, 40 *N. Y.* 463; Thorne *v.* Levick, 94 *Id.* 90; Meyer *v.* Clark, 41 *N. Y. Super. Ct.*107; People *v.* Pratt, 22 *Hun*, 300.