By the Court.—Sedgwick, Ch. J.
The action was for damages from false imprisonment. The arrest was actually made by a police officer. It was made at the *331 demand of the defendant. The judge on the trial ruled as matter of law that the arrest was illegal, because it was made without warrant and upon a charge, not of felony, at a time when the plaintiff was not committing a misdemeanor or breach of peace or was doing acts tending to a breach of the peace. This ruling is the only matter that calls for attention on this appeal.
It appeared that the plaintiff was the tenant of a room let to him by the defendant, in a house otherwise occupied by defendant. About nine o’clock in the evening the plaintiff went into the house from the street and in going through the hall broke a globe of glass upon a gas fixture. There was no testimony that tended to show that the globe was not broken accidentally. The plaintiff as the jury might have found made more noise in the house, and in entering it, than was necessary or usual. The defendant, attracted by the noise, went into the hall and addressed the plaintiff. The jury might have found that then the plaintiff was guilty of conduct that tended to a breach of the peace. The defendant did not then arrest or try to arrest the plaintiff or say or do anything that could signify that his purpose was to detain the plaintiff until he could be put in the hands of a peace officer, but only sent for an officer. The plaintiff at the time said, that he would wait for the officer. The officer came in ten or fifteen minutes. In the course of that time the plaintiff had become quiet and when the officer arrived, he was not noisy, or disorderly, or doing anything that called for arrest.
By the law of this state the officer had no legal power to arrest the plaintiff for a breach of the peace, without warrant as it was not committed in his presence. The defendant, a private person had no power to arrest for the preceding conduct after the plaintiff had ceased to be disorderly. Phillips v. Trull, 11 Johns. 486. The judge was therefore right in his view, that the officer’s arresting the plaintiff was illegal and that the defend *332 ant was responsible in directing the officer to arrest the plaintiff..
They were virtually joint tort feasors.
The judgment and order are affirmed with costs.
Freedman and O’Gorman, JJ., concurred.