[No. 20704. In Bank.—August 1, 1890.]

EX PARTE CHARLES E. CLARK, ON HABEAS CORPUS.

HABEAS CORPUS—TRIAL OF IMPRISONED CONVICT—CONVICTION FOR MURDER.—A prisoner sentenced to be hanged under a conviction for murder cannot be released on *habeas corpus* because it appears that, while serving a sentence in the state prison under conviction for a felony, he was brought out therefrom before expiration of his sentence, to be tried for murder, under an order of the superior court of a county other than that from which he was sentenced, regardless of whether such order was lawful or not, or whether the warden of the state prison might have refused to deliver him up, his body having been produced, and the court having jurisdiction to try him for the offense charged.

APPLICATION for a writ of *habeas corpus*. The facts are stated in the opinion of the court.

*Carroll Cook, and J. E. Foulds*, for Petitioner.

Works, J. — This is an application for a writ of *habeas corpus*. The petitioner was convicted of a felony, and sentenced by the superior court of the county of San Diego to imprisonment in the state prison at Folsom for a term of years. While so imprisoned he was brought out of the state prison upon the order of the superior court of the city and county of San Francisco, taken before a magistrate, charged with the crime of murder, and held to answer to the superior court. An information was filed against him by the district attorney; he was tried, convicted, sentenced to be hanged, and is now in the jail of the city and county of San Francisco, awaiting the execution of this sentence.

It is contended by the petitioner that the superior court of the city and county of San Francisco had no power to cause him to be brought out of the state prison for trial for another offense, that the warden of the state prison is entitled to his cutody until the expiration of the term of his sentence to that prison, and that therefore he *is entitled to be discharged from custody*, or returned to the custody of the warden of the state prison.

The sheriff makes return of the judgment of the superior court of San Francisco, above mentioned, and that he holds the petitioner by virtue of a commitment thereunder. This, it seems to us, is a complete answer to the writ. No matter whether the superior court of San Francisco had the right to order the petitioner out of the custody of the warden of the state prison or not, he was produced. An information charging him with an offense within the jurisdiction of that court was filed, and the court thereby became and was vested with the power and jurisdiction to try him, and its judgment is valid and binding. Therefore he cannot be heard at this late day to claim, in a proceeding of this kind, that the sheriff has no right to hold him under such judgment. Conceding that the warden of the state prison might

have asserted his right to hold the petitioner under the commitment from the superior court of San Diego County, it is clear to us that the petitioner cannot escape the consequences of a valid judgment rendered against him, by showing that another valid judgment had previously been rendered which had not been fully executed.

Writ denied.

BEATTY, C. J., THORNTON, J., SHARPSTEIN, J., FOX, J., McFARLAND, J., and PATERSON, J., concurred.