The order appealed from should be reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs to abide the event.

BROWN, P. J., concurred; DYKMAN, J., not sitting.

Order reversed, with ten dollars costs and disbursements, and motion granted, with costs and disbursements.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOHN EBERSPACHER, Appellant.

*Illegality or fraud in bringing the accused before the court — not a defense on a criminal trial — against whom in civil actions — power of a magistrate to examine and that of a court to try, distinguished.*

Where a complaint is made and a warrant properly issued and the court has jurisdiction of the offense charged, it is authorized to try and determine the complaint against the defendant whenever he is brought before the court, and it is no defense to a criminal prosecution that the defendant was illegally or forcibly brought within the jurisdiction of the court.

In civil prosecutions the force or fraud used against the defendant in that respect is a good defense only against those who are parties to the fraud or force, but this rule has no application to trials for criminal offenses.

There is a marked distinction between the power of a magistrate to hold an examination and that of a court which has acquired jurisdiction of the charge to try the accused. The first is merely a proceeding to detain for trial if indictment be subsequently found, and it may be that such a detention is to be considered a continuation of the original arrest, but such principle does not apply to the trial court.

APPEAL by the defendant, John Eberspacher, from a judgment of the Court of Sessions, held in and for the county of Dutchess, rendered on the 9th day of December, 1893, affirming the judgment of the recorder of the city of Poughkeepsie, convicting the

defendant of the crime of assault in the third degree, with notice of an intention to bring up for review on such appeal " the whole of the evidence and the exceptions therein taken, and that the said recorder did not have jurisdiction to try the said defendant, and that defendant was illegally brought within the county of Dutchess, and under protest, and that the evidence did not warrant the conviction and the sentence imposed by said recorder, and all exceptions taken on said trial to the rulings of said court, and that said court did not have jurisdiction of defendant, and from the affirmance of such conviction and sentence."

*J. F. Barnard*, for the appellant.

*Horace D. Hufcut*, for the respondent.

CULLEN, J. :

This is an appeal from a judgment of the Court of Sessions affirming the conviction and sentence of the defendant by a Court of Special Sessions held by the recorder in the city of Poughkeepsie.

On a complaint against the defendant for assault in the third degree a warrant was issued by the recorder. The defendant was arrested in Westchester county, the warrant not being properly indorsed, and was denied his request to be taken before a magistrate of that county to give bail. On being brought before the recorder he asked his discharge on the ground of the illegality of his arrest and the denial of his privilege to give bail before a magistrate in the county of his arrest. This application for discharge was denied, and thereupon the defendant pleaded not guilty, and was subsequently tried, convicted and sentenced. The only objection to the trial and judgment taken on this appeal is the illegality of the defendant's arrest.

We think that the point as to the defendant's arrest does not affect the validity of his trial and conviction. The complaint was made and a warrant properly issued, and the court had jurisdiction of the offense charged. It was, therefore, authorized to try and determine the complaint against the defendant whenever he might be brought before the court. The general rule is that it is no defense to a criminal prosecution that the defendant was illegally or forcibly brought within the jurisdiction of the court. In civil prosecutions

the force or fraud used against the defendant in that respect is a good defense only against those who are parties to the fraud or force. (*Adriance* v. *Lagrave*, 59 N. Y. 110.)

But this rule as to immunity from arrest has no application to criminal offenses. (*Matter of Lagrave*, 45 How. Pr. 301.)

The same principle was held in *People* v. *Rowe* (4 Park. Cr. 253). (See, also, *U. S.* v. *Caldwell*, 8 Blatchf. 131 ; *U. S.* v. *Lawrence*, 13 id. 300.) In Crocker on Sheriffs ([3d ed.] p. 35) it is said : " In general, where one is liable to be detained upon a criminal charge, the court will not inquire into the manner of his capture, * * * (but) will hold him to answer thereto, and leave the accused to his remedy against the person or officer who has acted under void process or who has exceeded his powers."

This case is to be distinguished from that of *People* v. *Shaver* (4 Park. 53). In that case the recognizance was held void because taken by a justice of the peace in Fulton county for appearance in Montgomery County Sessions. The dictum that the recognizance could be avoided because the arrest in Montgomery county was illegal, was not necessary to the decision of the case, and seems opposed to the current of authority. But there is a marked distinction between the power of a magistrate to hold an examination and that of a court which has acquired jurisdiction of the charge to try.

The first is merely a proceeding to detain for trial if indictment be subsequently found, and it may be that such a detention is to be considered a continuance of the original arrest, but such a principle would not apply to the trial court.

The judgment of the Court of Sessions, appealed from, should be affirmed.

Brown, P. J., and Dykman, J., concurred.

Judgment affirmed.