(13 Misc. Rep. 763.)

### PEOPLE v. HOWARD.

(Court of Special Sessions, Albany County.  August, 1895.)

CRIMINAL LAW—JURISDICTION—ARREST WITHOUT WARRANT.

Where a police officer wrongfully arrested a person without a warrant, for an alleged misdemeanor not committed in his presence (Code Cr. Proc. § 177), the magistrate before whom such person was afterwards brought on such charge acquires no jurisdiction.  People v. Webster, 26 N. Y. Supp. 1007, 75 Hun, 278;  People v. Eberspacher, 29 N. Y. Supp. 796, 79 Hun, 410,—distinguished.

Proceeding against Mary Howard for selling intoxicating liquors on Sunday.  Defendant moves that she be discharged, on the ground that her arrest was illegal, and that the magistrate therefore acquired no jurisdiction.  Granted.

John T. Cook, Asst. Dist. Atty., for the People.

John Gutmann, for defendant.

HESSBERG, R.  Upon the arraignment of the defendant before the police magistrate a motion was made for her discharge on the ground that her arrest was illegal, and that the magistrate, therefore, acquired no jurisdiction.  For the purposes of this motion, the facts are undisputed by the counsel.  It is admitted that on a Sunday afternoon a woman was seen by a peace officer of the city coming out of a place licensed to sell intoxicating liquors, and, after walking some two blocks, was stopped by that officer, who followed her, and asked what she had under her shawl.  She handed the officer a flask containing whiskey.  The woman told the officer that she bought the whisky from the defendant, and the officer thereupon went to the place where the defendant is employed, and where the sale was stated to have been made, and arrested the defendant on the charge of selling it in violation of the excise laws.  Selling, offering, or exposing for sale or giving away any strong or spirituous liquors, wines, ales, or beer, is made a misdemeanor by section 32 of chapter 401 of the Laws of 1892.  Section 177 of the Code of Criminal Procedure provides that "a peace officer may, without a warrant, arrest a person:  (1) For a crime committed or attempted in his presence.  (2) When the person arrested has committed a felony, although not in his presence.  (3) When a felony has in fact been committed, and he has reasonable cause for believing the person to be arrested to have committed it."  Section 170 of the Code of Criminal Procedure enacts that: "If the crime charged be a felony, the arrest may be made on any day, and at any time of the day or during any night.  If it be a misdemeanor, the arrest cannot be

made on Sunday or at night, unless by direction of the magistrate indorsed upon the warrant." The plain intendment of the statute is that, for the commission or attempted commission of a felony, or where the officer has reasonable cause for believing the person guilty of a felony, he may arrest without warrant at any time; but where the offense committed is of the grade of misdemeanor the officer may only arrest the offender where it is committed or attempted in his presence, and, where not so committed, he must apply for a warrant, which cannot be executed at night or on Sunday without the direction of the magistrate indorsed on the warrant. Unless the magistrate becomes satisfied that an offender intends to make an effort to escape, or secretes himself, or that some other good cause exists, it is the evident purpose of the law that he should not direct the arrest for a misdemeanor at night or on Sunday. When we consider that all violations of city ordinances and all petty offenses are included in the class of misdemeanors, and that a defendant is entitled to bail upon such a charge as matter of right, and not by favor of the courts, we see the wisdom of the enactment which preserves to the citizen whose presence can at all times be secured the right to be called to answer only during the hours when magistrates are required to be in attendance to either dispose of their cases or to accept the bail which the statute gives the defendant the right to offer.

It is claimed that the defendant must seek her remedy in a civil action against the officer who made the wrongful arrest. There is no doubt that an action for false imprisonment would lie. Murphy v. Kron, 20 Abb. N. C. 259; Kolzem v. Railroad Co., 1 Misc. Rep. 148, 20 N. Y. Supp. 700; Meyer v. Clark, 41 N. Y. Super. Ct. 107; Burns v. Erben, 40 N. Y. 463. But this should not deprive the defendant of her right to deny the jurisdiction of the magistrate on the same grounds. It has been the settled law that for mere misdemeanors, after their commission, an arrest can only be made upon a warrant from a magistrate. People v. Adler, 3 Parker, Cr. R. 249; Meyer v. Clark, 41 N. Y. Super. Ct. 107; People v. Pratt, 22 Hun, 300; People v. Shanley, 40 Hun, 479. In the Pratt Case, 22 Hun, 300, the relator was arrested by a policeman of the city of Elmira without warrant. In reversing the judgment of conviction the court says:

"We have neither been cited to nor been able to find any authority justifying an arrest by an officer without process for an offense of the grade of that of which the relator was convicted, unless it was committed in the presence of such officer; and we think no such authority exists, unless in cases where it is expressly given by statute. Moreover, when such arrest is authorized to be made without process, it is at least the better practice, if not indispensable to the regularity of the proceeding, to convey the offender at once before a magistrate, and there make complaint, and cause the issuing of a warrant against the accused for the offense committed. 1 Colby, Cr. Law, 140."

In the Shanley Case, 40 Hun, 479, the defendant was indicted and convicted of an assault in the second degree for having resisted a police officer of Lansingburgh, who attempted to arrest him for a misdemeanor not committed in the officer's presence. The defend-

ant knew that a warrant had been issued. It was not, however, in the officer's possession, having been left with the chief of police. The counsel for the people took the position that the warrant was in the constructive possession of the officer. In reversing the conviction and directing the prisoner's release, Learned, P. J., states:

"It is argued that great inconvenience will arise from a contrary rule to one that any officer, knowing that a warrant is issued, cannot arrest for misdemeanor. That if one policeman has the warrant a criminal may evade him, and keep within the beat of another, and the like. There is much force in this. But, on the other hand, the innocent citizen has a right to protection. It is hardly safe to say that, without a warrant, a policeman may arrest a citizen for an alleged misdemeanor not committed within his sight. If the policeman was justified in arresting this defendant, then the innocent citizen must submit to arrest without having the right to see the warrant before he yields to the alleged authority. It has not been claimed that there is any special law giving peculiar authority to the policemen of Lansingburgh. We have, therefore, examined the question only on the general statute and on general principles."

We have not overlooked the case of People v. Eberspacher, 79 Hun, 410, 29 N. Y. Supp. 796, a decision of the Second department, where the court stated that they did not believe that the point as to the manner of arrest affected the validity of a trial and conviction; but the court drew a distinction between a proceeding to detain for trial and a trial before a court which had acquired jurisdiction of the charge. In this case the committing magistrate did not have the power to try, and the objection to the jurisdiction of the person was taken upon the preliminary examination. Neither is the case of People v. Webster, 75 Hun, 278, 26 N. Y. Supp. 1007, an authority for holding the defendant. In that case it appears that the relator was charged with one offense in the information, but tried and convicted of another; both, however, having been committed in the presence of the officer who made the arrest, or the officer with him and acting under his directions. In such case the court held that the contention that a warrant was necessary is not sustained by authority. The question whether an arrest in the absence of a warrant was legal when the offense had not been committed in the presence of the officer was neither presented nor considered in the case. In People v. Pillion, 78 Hun, 74, 29 N. Y. Supp. 267, it was held that the court of special sessions has power and authority to pass upon the sufficiency of the information in a case lodged in the police court of this city, and that when the information is insufficient a motion for a discharge should be granted. It is unnecessary to now determine whether that decision is sufficiently broad to authorize this court to pass upon the question under consideration, or as to whether a defendant is not bound to review the question of jurisdiction by certiorari, as the facts are conceded, and the question was presented to be disposed of on the merits. The defendant is discharged.

Ordered accordingly.