PEOPLE v. IVERSON.

(Supreme Court, Appellate Division, Second Department. December 5, 1899.)

1. CRIMINAL LAW—DISORDERLY PERSON—RIGHT TO JURY TRIAL.
   Where the charter of a city gives the recorder's court jurisdiction to try a person charged with keeping a house for the resort of prostitutes, drunkards, tipplers, gamesters, or other disorderly persons, which, under the city's charter, as well as Code Cr. Proc. § 899, constitutes a disorderly person, defendant has no constitutional right to a trial by jury.

2. SAME—ARREST WITHOUT WARRANT—CONVICTION—EFFECT.
   Where defendant was within the jurisdiction of the court, the fact that he was arrested by an officer without a warrant does not affect the validity of his conviction.

Appeal from Dutchess county court.

Christian Iverson was convicted of being a disorderly person, and he appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

William H. Wood, for appellant.

George Wood (W. E. Hoysradt, on the brief), for the People.

WOODWARD, J. A careful consideration of the points urged upon this appeal discloses no sufficient reason for reversing the judg-

ment. The appellant was arrested without a warrant during a fight which occurred in his establishment, in the city of Poughkeepsie, and was charged with keeping a house "for the resort of prostitutes, drunkards, tipplers, gamesters, or other disorderly persons," which, under the provisions of section 899 of the Code of Criminal Procedure, as well as of the charter of the city of Poughkeepsie (section 138), constitutes a disorderly person. The charter gives the recorder's court jurisdiction to try cases of this character, and we are of opinion that the appellant had no constitutional right to a trial by jury. People v. Dutcher, 83 N. Y. 240.

The evidence on which the appellant was convicted was clearly sufficient for that purpose, and whether the officer who arrested him should have had a warrant does not affect the question of his conviction, after he was once within the jurisdiction of the court. "The general rule is," says Mr. Justice Cullen in People v. Eberspacher, 79 Hun, 410, 29 N. Y. Supp. 796, "that it is no defense to a criminal prosecution that the defendant was illegally or forcibly brought within the jurisdiction of the court." The appellant has his remedy, if he has been wronged, against the "officer who has acted under void process, or who has exceeded his powers." Crock. Sher. (3d Ed.) p. 35.

The judgment appealed from should be affirmed, with costs. All concur.