[Crim. No. 636.    Third Appellate District.—May 13, 1922.]

## In the Matter of the Application of LUCIO AJURIA et al. for a Writ of Habeas Corpus.

[1] CRIMINAL LAW—JURISDICTION OF PERSON—CONSENT.—Where a court has jurisdiction of a charged offense, jurisdiction of the person of the defendant may be acquired by his consent, or by his failure to make objection to the jurisdiction in time.

[2] ID.—POSSESSION OF ALCOHOLIC LIQUOR—IMMEDIATE PRESENCE OF OFFICER—ARREST WITHOUT WARRANT.—A peace officer may arrest without a warrant a person having alcoholic liquor in his possession in the immediate presence of the officer, since the unlawful possession of such liquor is a continuing offense.

[3] ID.—UNLAWFUL SEARCH OF PREMISES — PROPERTY OBTAINED—EVIDENCE.—While the search of premises without a warrant is unlawful, the evidence so unlawfully obtained is admissible against the defendant.

[4] ID. — UNLAWFUL PRESENCE OF OFFICER — COMMISSION OF PUBLIC OFFENSE—ARREST WITHOUT WARRANT.—The statutory authority of a peace officer to make an arrest for a public offense committed in his presence is not divested by reason of the fact that when the offense was committed he was unlawfully on the premises of the defendant.

APPLICATION for a Writ of Habeas Corpus to obtain discharge after conviction of violation of a city liquor ordinance. Denied.

The facts are stated in the opinion of the court.

W. E. Davies for Petitioners.

FINCH, P. J.—The petitioners were convicted of the violation of an ordinance of the city of Marysville and sentenced to pay fines and to be imprisoned in the county jail. They herein seek their discharge upon a writ of *habeas corpus*.

The petition does not set out the terms of the ordinance or state the offense of which the petitioners were convicted other than that it was a misdemeanor. It may be inferred from the facts alleged, however, that they were found guilty of having wine in their possession contrary to the terms of the ordinance.

[1] It is alleged that the police officers unlawfully and without a search-warrant entered in the night-time and searched the defendants' premises and discovered there a barrel containing several gallons of wine; that thereupon, without a warrant and without a complaint having been filed charging the defendants with the commission of any offense, the officers arrested them and took them to the police station; that three days later a complaint was filed charging the defendants with the misdemeanor of which they were later convicted; that no warrant of arrest was ever issued out of the police court or served upon the defendants, and that by reason of the failure to so issue and serve a warrant the police court did not acquire jurisdiction of the persons of defendants; and that thereafter the defendants were tried and convicted. In his points and authorities, counsel for petitioners states that on their arrest they were released on bail, but the petition does not so allege. It does not appear that petitioners made any objection to the jurisdiction of the police court at any stage of the proceedings. There can be no contention that the court did not have jurisdiction of the offense charged. Jurisdiction of the offense cannot be acquired by consent, but "everywhere jurisdiction of the person of the defendant may be acquired by consent of the accused or by waiver of objections. If he fail to make his objection in time, he will be deemed to have waived it. He cannot, for instance, raise such a question for the first time in the appellate court." (8 R. C. L. 96; 16 C. J. 174.)

[2] It is contended that the officers were not authorized to make the arrest without a warrant. A peace officer may make an arrest without a warrant for a public offense committed in his presence. The unlawful possession of alcoholic liquors is a continuing offense. The defendants were in possession of the wine in the immediate presence of the officers. It is not perceived why the officers were not as fully authorized to make the arrest without a warrant as they would have been had they seen the defendants on a street corner with the wine in their possession. (*Jenkins* v. *State*, 4 Ga. App. 859 [62 S. E. 574].) [3] The search of the premises without a warrant was unlawful, but the evidence so unlawfully obtained was admissible against the defendants. (*People* v. *Mayen*, 188 Cal. 237 [205 Pac. 435].) [4] For like reasons the fact that the officers may have been unlawfully on the premises could not divest them of their statutory authority to arrest for an offense committed in their presence while there. Petitioners rely on *People* v. *Howard*, 13 Misc. Rep. 763 [35 N. Y. Supp. 233], and *People* v. *James*, 11 App. Div. 609 [43 N. Y. Supp. 315], in support of their contention that a conviction cannot be upheld where the arrest was made, without a warrant, for a misdemeanor not committed in the presence of the arresting officer. In the first case, decided by the court of special sessions of Albany County, the objection to the court's jurisdiction was made and sustained on the arraignment of the defendant. In the other case no information was filed and no warrant of arrest issued. In the case of *People* v. *Park* (Erie County court), 92 Misc. Rep. 369 [156 N. Y. Supp. 816], where the defendant was arrested, without a warrant, for a misdemeanor not committed in the presence of the arresting officer, the court reviewed the cases cited by petitioners and many others and affirmed the judgment, holding that the court acquired jurisdiction of the defendant when she was brought before it charged with the offense, regardless of the illegality of the arrest. It may be further stated that in that case objection to the court's jurisdiction was made at the time of the trial. (See, also, *People* v. *Pratt*, 78 Cal. 345 [20 Pac. 731], and *Ex parte Clark*, 85 Cal. 203 [24 Pac. 726].)

The petition for the writ is denied.

Burnett, J., and Hart, J., concurred.