(34 Misc. Rep. 24.)

PEOPLE ex rel. MANNING v. HAGAN, Warden.

(Supreme Court, Special Term, New York County. February, 1901.)

1. HABEAS CORPUS—CONVICTION—JURISDICTION.
   Where a magistrate had jurisdiction of the offense, and authority to inflict the punishment imposed, habeas corpus will not lie to review a conviction for disorderly conduct.

2. SAME—CERTIORARI.
   Where defendant sued out a writ of habeas corpus to review his conviction, a writ of certiorari to review his detention should not be sued out at the same time, since such a writ does not bring any other or further paper or evidence, or give the court any other right of determination than does the writ of habeas corpus, it being merely an alternative therefor, when it is not desirable that the body of the prisoner be produced, under Code Civ. Proc. § 2041.

3. CRIMINAL LAW—WRIT OF REVIEW.
   The writ of review provided by Code Civ. Proc. § 1991, cannot be used to review a determination made in any criminal matter except a criminal contempt of court.

Habeas corpus by the people, on the relation of James Manning, against James J. Hagan, warden, etc. Writ dismissed.

William J. Nicholson, for relator.
Eugene A. Philbin, Dist. Atty., for respondent.

SCOTT, J. The relator, who was convicted of disorderly conduct before a city magistrate, seeks by a writ of habeas corpus to review the conviction. This cannot be done, there being no question that the magistrate had jurisdiction of the offense charged and authority to inflict the punishment imposed. The relator, following a practice which seems to have prevailed for a number of years, sued out simultaneously with the writ of habeas corpus a writ of certiorari. For this practice there is neither necessity nor warrant of law. The writ of certiorari issued in this proceeding does not bring before the court any further or other paper or evidence, or give the court any further or other right of determination, than does the writ of habeas corpus; and there is no advantage to be gained by the prisoner or warrant to be found in the statutes for the issue of both writs simultaneously. The writ of certiorari to inquire into the cause of detention, which is the writ issued in this proceeding, is in no sense a writ of review. It is not supplemental to the writ of habeas corpus, but merely an alternative therefor, to be issued when it is not desirable that the body of the prisoner be produced. Code Civ. Proc. § 2041. In every respect except the actual production of the body of the prisoner the proceedings upon a writ of certiorari are precisely the same as upon a writ of habeas corpus. The writ is directed to the sheriff or other officer having the prisoner in custody, not, as is sometimes erroneously done, to the magistrate or clerk of the court in which the prisoner was held or convicted. Under the writ of certiorari, as under the writ of habeas corpus, the officer returns as his authority for holding the prisoner the commitment. He has not possession of the evidence upon which the commitment was issued, and cannot, therefore, return such evidence; nor is he required to do so. Therefore,

under the writ of certiorari, the same return is to be made, the same questions arise, the same facts are to be determined, and the same .limitation rests upon the power of the court as upon a writ of habeas corpus. The relator gains nothing by having two writs, one of habeas corpus and one of certiorari, and there is neither reason nor authority for the simultaneous issue of both writs. People v. Seaman, 8 Misc. Rep. 152, 29 N. Y. Supp. 329. The writ of certiorari discussed herein should not be confounded with the writ provided for in article 7, tit. 2, c. 16, known in the Code as a writ of review. Section 1991. That writ cannot be used to review a determination made in any criminal matter except a criminal contempt of court. Code Civ. Proc. § 2148. The writ must be dismissed, and the prisoner remanded.

Writ dismissed, and prisoner remanded.