(' Misc. Rep. 90.)

PEOPLE ex rel. EISEN v. FLYNN. Warden.

(Supreme Court, Special Term, New York County. January, 1902.)

1. HABEAS CORPUS—REVIEW.

     On a writ of habeas corpus the court will not review the conviction by a magistrate, where he had jurisdiction of the charge and authority to impose the sentence.

2. VIOLATION OF TENEMENT ACT—PUNISHMENT

     Laws 1901, c. 334, § 141, known as the "Tenement Act," provides for the punishment of any person violating such act by committing prostitution in her apartment as a vagrant, the procedure to be the same as that provided by the law for other cases of vagrancy. *Held*, that on conviction of a violation of such law the person convicted, if she is over 21 years, and is not committed to the reformatory, may be committed under the charter to the workhouse on Blackwell's Island.

Application by the people, on the relation of Fanny Eisen, for a writ of habeas corpus against William Flynn, warden of the city prison of New York. Writ dismissed.

Arthur C. Palmer, for relator.

Henry G. Gray, Asst. Dist. Atty., for respondent.

GILDERSLEEVE, J. These are writs of habeas corpus and certiorari to review the commitment by a city magistrate of one Fanny Eisen to the city prison, thence to be transferred to the workhouse. The rule is well settled that upon these writs this court will not review the conviction by a magistrate, where he had jurisdiction of the charge and authority to impose the sentence. People v. Hagan, 34 Misc. Rep. 24, 69 N. Y. Supp. 451. The only question, therefore, for me to determine here is whether the charge constituted an offense punishable in the manner above stated. The magistrate found the relator guilty of prostituting herself in her apartment in a tenement house, and committed her, as we have seen, to the city prison, whence to be transferred to the workhouse, under the provisions of the tenement house act (Laws 1901, c. 334, § 141), and pursuant to the provisions of the charter of this city (Laws 1901, c. 466, § 707). The statute provides that:

"A woman who knowingly resides in or commits prostitution in a house of prostitution or assignation of any description in a tenement house or solicits any man or boy to enter therein for purposes of prostitution shall

be deemed a vagrant, and upon conviction thereof shall be committed to a county jail for a term not exceeding six months from the date of commitment. The procedure in such case shall be the same as that provided by law for other cases of vagrancy."

The charter provides that when the person convicted of vagrancy, including persons convicted as prostitutes, is over 21 years, and is not committed to a reformatory, she shall be committed, in the boroughs of Manhattan and the Bronx, to the workhouse on Blackwell's Island. It seems to me that, although somewhat badly worded and imperfectly punctuated, the statute above quoted (Laws 1901, c. 334, § 141) must be held to provide that a woman convicted of committing prostitution in a house of prostitution, or in a house of assignation, or in a tenement house, shall be punishable as a vagrant in the manner above set forth. If the relator has been guilty of prostituting herself in a tenement house, the city magistrate had jurisdiction to commit her. The magistrate, as we have seen, has found, as a matter of fact, that she did so prostitute herself; and this court, as I have already stated, will not on these writs, review his decision on the facts, and ascertain if the magistrate had sufficient proof of her guilt. He did have jurisdiction of the charge and authority to commit. The learned counsel for the relator makes much of the fact that only one act of prostitution is charged, but, so far as the case at bar is concerned, it makes little difference whether the act constituting the offense be a single one or one of a long series. The object of the provision is to protect honest and virtuous women and children who inhabit tenement houses from the intrusion of prostitutes, and full enforcement should be given thereto. The writs are dismissed, and the prisoner remanded.

Writs dismissed, and prisoner remanded.