(39 Misc. Rep. 591.)

PEOPLE ex rel. CRAIGE v. FOX, Workhouse Warden.

(Supreme Court, Special Term, New York County.  January, 1903.)

1. CRIMINAL LAW—COMMITMENT—CLERICAL ERROR.
    Where a woman is committed as a vagrant from a tenement house
    . in the city of New York, the commitment is not invalidated by an erro-
    neous recital therein that she was committed under a certain title and
    section of the city charter, instead of the same section and title of the
    tenement house act.

Application by the people, on the relation of Elizabeth Craige, for
a writ of habeas corpus against Frank Fox, warden of the workhouse.
Writ dismissed.

Charles J. Campbell, for relator.
Henry G. Gray, Asst. Dist. Atty., for respondent.

GILDERSLEEVE, J.  This is a writ of habeas corpus to review
the commitment by a city magistrate of one Elizabeth Craige, charged
with being a vagrant, by reason of having committed prostitution in
a tenement house in this city, to the workhouse on Blackwell's Island
for six months, "unless sooner discharged by due course of law."
    It is well settled that a woman violates the tenement house act
(Laws 1901, c. 334, § 141), and shall be deemed a vagrant, if she com-
mits prostitution in her apartment or room in a tenement house in
the city of New York, and that, where a magistrate of the city has
found the fact of her prostitution in such tenement house, his commit-
ment of her will not be reviewed on writs of habeas corpus and cer-
tiorari, where he had jurisdiction of the charge and authority to im-
pose the sentence.  See People ex rel. Eisen v. Flynn, 37 Misc. Rep.
90, 74 N. Y. Supp. 740, and cases there cited.  The charter (Laws
1901, c. 466, § 707) confers upon the magistrate the power of com-
mitting such vagrant to the workhouse on Blackwell's Island.
    There is no pretense that the magistrate did not have jurisdiction
of the charge in the case at bar, and authority to impose the sen-
tence.  In the commitment, however, the magistrate stated that it was
"pursuant to title 3, § 141, of the Greater New York Charter," where-
as, in point of fact, it was pursuant to title 3, § 141, of the tenement
house law, supplemented, as to the form of punishment, by section
707 of the charter.  I do not think that this misquotation is of suf-
ficient importance to invalidate the commitment, for, as we have seen,
the magistrate was unquestionably clothed with power to commit the
relator to the workhouse upon finding her guilty of the charge above
stated.  Laws 1901, c. 334, § 141; Laws 1901, c. 466, § 707; People
ex rel. Eisen v. Flynn, supra.
    The counsel for the relator refers me to section 710 of the charter,
which requires the commissioner of corrections, within three days
after the commitment of the vagrant, to ascertain from the records
whether or not it is a first conviction "after January 1, 1902, and
within two years next preceding the date of such commitment," and,
if no previous convictions appear, to make an order directing that
the vagrant be discharged at the expiration of five days from the

date of the commitment, which order, however, is not effective without the written consent, indorsed thereon, of the committing court or magistrate. There is nothing before me in this case to indicate whether or not the commissioner has made any such order, nor even whether the facts would warrant the making of such an order; assuming that the commissioner has made an examination to ascertain whether or not this relator has been previously convicted. As was well stated by Mr. Justice Greenbaum in the case of People ex rel. Edwards v. Warden, 37 Misc. Rep. 641, 75 N. Y. Supp. 1113:

"If the relator claims that she is illegally detained because she is entitled to the benefit of section 710 aforesaid, it would be incumbent upon her to traverse the return by alleging a state of facts warranting her discharge under the provisions of section 710; and if, on a hearing upon the issue thus raised, it was found that she was illegally detained, she would be discharged from the custody of the warden."

No such issue is here presented. We have merely a question of the validity of the commitment to be determined in the case at bar. The writ is dismissed and the prisoner remanded.

Writ dismissed and prisoner remanded.