(6 Misc. Rep. 68.)

### FISS et al. v. WARREN et al.[1]

(City Court of New York, General Term.  November 27, 1893.)

1. NEGOTIABLE INSTRUMENTS—CONSIDERATION.

In an action on a note made by defendant to L., and indorsed to C., and by him indorsed to plaintiffs, defendant alleged that he made the note for the accommodation of L., to be used in purchasing an interest in C.'s business; that L. and C. formed a partnership, C. representing to defendant that the business was prosperous, that he would devote his time to it, and that thereby L., out of the profits, would be able to repay defendant; that C., by certain wrongful acts, destroyed the business, and forced a dissolution of the partnership, in violation of the partnership articles, and thereby destroyed the consideration of the note.  *Held*, that there was a valuable consideration for the note.

2. ACTION ON NOTE—BURDEN OF PROOF.

In an action on a note, defendant, by claiming and being allowed the affirmative, admits that plaintiffs have proven a prima facie case, and assumes the burden of proving his defenses.

Appeal from trial term.

Action by William Fiss and another against Henry M. Warren, impleaded with others, on a note.  From a judgment for plaintiffs, defendant Warren appeals.  Affirmed.

Argued before VAN WYCK, NEWBURGER, and McCARTHY, JJ.

Strong, Hannon & Matheson, for appellant.

Edward B. La Fetra, for respondents.

McCARTHY, J.  The defendant Warren is the only one who defends.  By the pleadings, Warren, who was the maker of the note in question, admitted the making of the note, and the delivery to Lowe, and that before maturity he indorsed same, and delivered to Carroll; but denies it was for value, and asserts he has no knowledge sufficient to form a belief as to the indorsement and delivery of the note to the plaintiffs.  As a second and further defense he asserts, as follows:

"He further alleges that the said note referred to in the complaint was wholly an accommodation note, and was given by this defendant to the defendant Lowe under the following circumstances: On and prior to the 31st

[1]Affirmed.  See 26 N. Y. Supp. 1130, mem.

day of December, 1892, the defendant Joseph Carroll was the owner, as this defendant is informed and believes, of a certain lease, stable, business, horses, carriages, etc., covering and located at Nos. 124 and 126 East 121st street in the city of New York, and conducted under the name of the Sylvan Stables. That an agreement was entered into on or about said date between this defendant, the defendant Lowe, and the defendant Carroll, in and by which said defendant Lowe purchased from the defendant Carroll a one-half interest in said lease, business, and stock for the full consideration of five thousand five hundred dollars, ($5,500,) advanced by this defendant to said Lowe, and by the latter paid over to said Carroll $2,500 in cash, and the balance in three promissory notes, made by this defendant to the order of defendant Lowe for $1,000 each, and payable three, four, and five months, respectively, from January 1, 1893. The second of said notes is the note specified in the complaint herein. That as the moving consideration for said purchase a copartnership was simultaneously formed between said defendants Carroll and Lowe, to continue until the 1st day of October, 1897, for the purpose of conducting the business theretofore carried on by defendant Carroll under the said name of the Sylvan Stables, as by said copartnership articles and the contemporaneous agreement will more fully appear. That the said money and promissory notes were advanced by this defendant to said Lowe, as aforesaid, in reliance upon the representations of the defendant Carroll to this defendant as well as to the defendant Lowe that said stable business was highly prosperous and successful, and that he, the said Carroll, would devote his time and energies to the furtherance of said business, as required by the copartnership articles, and that thereby the defendant Lowe would be enabled to repay from the profits of said business the amount advanced to him, as aforesaid, by this defendant in money and notes; said Carroll agreeing to extend said notes from time to time to enable said Lowe so to do. The defendant Carroll, after the formation of said copartnership, did not observe, but in many ways and particulars broke, the articles of copartnership existing between him and the said Lowe, and endeavored and contrived by various ways and means to destroy and injure the business of said Sylvan Stables, with a view to forcing the defendant Lowe from said partnership, and did not devote his time and energies to said copartnership business, as required by the articles of copartnership; and did in fact, as early as the month of April, 1893, destroy and force a dissolution of said copartnership between himself and said Lowe; and that by his wrongful acts, resulting in the injury and depreciation of said copartnership, the defendant Carroll has destroyed the consideration upon which said notes were delivered to him, to an extent in excess of the amount of said three notes, with the interest thereon, and that the consideration, if any, at any time existing both between this defendant and the defendants Lowe and Carroll, and also between the defendant Lowe and the defendant Carroll, has wholly failed. That said Joseph Carroll, as this defendant is informed and believes, at or prior to the date of the maturity of said note, deposited the same with the plaintiffs for collection to the account of the plaintiff; and the plaintiff did not become the holder thereof for value received, and without notice; and that plaintiff, as this defendant is advised and believes, took and holds said note as an agent of the defendant Carroll, and subject to all the equities and defenses existing as between this defendant and the defendant Carroll. Wherefore this defendant demands judgment that the complaint herein be dismissed as to him, with costs.

"Strong, Harmon & Mathewson,
"Attorneys for Defendant Henry M. Warren.
"45 William St., N. Y. City."

"City and County of New York—ss.: Henry H. Warren, being duly sworn, says that he is the defendant above named; that he has read the foregoing answer, and knows the contents thereof; that the same is true to the knowledge of deponent, except as to the matters therein stated to be alleged on information and belief, and as to those matters he believes it to be true.
"H. M. Warren.

"Sworn to before me this 15th day of May, 1893.
"John Davis, Notary Public, (150,) N. Y. Co."

At the trial the defendant Warren claimed and was allowed the affirmative. This, in effect, admitted that the plaintiffs had proved in all its essentials a prima facie case, by which the defendant was forced to prove his defenses, if any. It seems to us from the admissions contained in the pleadings and an inspection of the second defense that there was a good and valuable consideration, and that the plaintiffs were bona fide holders for value, and that no defense was presented by this defendant. We think the trial justice was correct in directing a verdict for the plaintiffs. Judgment should therefore be affirmed, with costs. All concur.