(11 App. Div. 609.)

## PEOPLE v. JAMES.

(Supreme Court, Appellate Division, Fourth Department. December 19, 1896.)

CRIMINAL LAW—NO INFORMATION OR WARRANT—JURISDICTION.

A court of special sessions has no jurisdiction to try any person for an offense until he has been charged therewith by a clear and definite information, and a warrant has been issued thereon, specifically stating the offense charged, though he was arrested without a warrant.

Appeal from Monroe county court.

Minnie James was convicted, in a court of special sessions in the city of Rochester, of keeping a disorderly house. From a judgment of the county court affirming the conviction, defendant appeals. Reversed.

The defendant was arrested March 10, 1896, in a room in a block on South St. Paul street, by a police officer, without a warrant, and taken before the police justice; and on the 12th of March a hearing was had, the defendant appearing by counsel. At the close of the evidence, the police court, according to the return, rendered a judgment, viz.: "The judgment of the court was that the defendant, Minnie James, be committed to the Western House of Refuge for Women, at Albion, N. Y."

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

W. H. Whiting, for appellant.
George D. Forsyth, Dist. Atty., for the People.

HARDIN, P. J. Section 322 of the Penal Code provides that a person who keeps a house of ill fame or disorderly house is guilty of a misdemeanor; and the section expressly provides that the section "shall be construed to apply to any part or parts of a house used for any of the purposes herein specified." When the police officer entered the premises occupied by the defendant, he had no warrant, and the defendant was taken to the police court, and no formal information was made, and no warrant was issued by the police justice. The return of the police·justice states "that, in pursuance of said arrest, said defendant appeared in court, in person, and by her attorney, * * * on the 12th day of March, 1896. The case was called, and the court read to the defendant the charge against her, to which the defendant pleaded not guilty." The trial was had on the 12th of March, and in the minutes of the trial, certified by the police justice, appear the following words: "Charged with keeping a disorderly house." At the close of the evidence, the court rendered the following judgment: "The judgment of the court was that the defendant, Minnie James, be committed to the Western House of Refuge for Women, at Albion, N. Y." No objection seems to have been taken by the defendant's counsel to the proceedings before the court of special sessions, on the ground that no information had been lodged with the magistrate, or that no warrant had been issued, or that the charge was indefinite or uncertain.

Section 177 of the Code of Criminal Procedure provides that a peace officer may, without a warrant, arrest a person (1) "for a crime committed or attempted in his presence."

Section 180 of the Code of Criminal Procedure provides, viz.:

"When arresting a person without a warrant, the officer must inform him of the authority of the officer and the cause of the arrest, except when the person arrested is in the actual commission of a crime, or is pursued immediately after an escape."

Section 145 of the Code of Criminal Procedure defines an information in the following language:

"The information is the allegation made to a magistrate, that a person has been guilty of some designated crime."

Section 148 of the Code of Criminal Procedure provides that:

"When an information is laid before a magistrate, of the commission of a crime, he must examine on oath the informant or prosecutor, and any witnesses he may produce, and take their depositions in writing, and cause them to be subscribed by the parties making them."

Section 149 of the Code of Criminal Procedure provides as follows:

"The depositions must set forth the facts stated by the prosecutor and his witnesses, tending to establish the commission of the crime and the guilt of the defendant."

Section 150 of the Code of Criminal Procedure provides, viz.:

"If the magistrate be satisfied therefrom, that the crime complained of has been committed, and that there is reasonable ground to believe that the defendant has committed it, he must issue a warrant of arrest."

Section 151 of the Code of Criminal Procedure defines a warrant, and prescribes a form, and also provides, viz.:

"The warrant must direct that the defendant be brought before the magistrate issuing the warrant, or if the offense was committed in another town, and is one of which a court of special sessions has jurisdiction to try, or which a magistrate has jurisdiction to hear and determine, he must direct that the defendant be brought before a magistrate of the town in which the offense was committed."

Section 152 of the Code of Criminal Procedure provides:

"The warrant must specify the name of the defendant, or if it be unknown to the magistrate, the defendant may be designated therein by any name. It must also state an offense in respect to which the magistrate has authority to issue the warrant, and the time of issuing it, and the city, town or village where it is issued, and be signed by the magistrate with his name of office."

Section 188 of the Code of Criminal Procedure provides as follows:

"When the defendant is brought before a magistrate upon an arrest, either with or without warrant, on a charge of having committed a crime, the magistrate must immediately inform him of the charge against him, and of his right to the aid of counsel in every stage of the proceedings, and before any further proceedings are had."

Section 194 of the Code of Criminal Procedure provides as follows:

"At the examination, the magistrate must, in the first place, read to the defendant the depositions of the witnesses examined on the taking of the information, and if the defendant request it, or elects to have the examination, must summon for cross-examination the witnesses so examined, if they be in the county. * * *"

Section 196 of the Code of Criminal Procedure provides that, when the witnesses on the part of the people have been examined, "the magistrate must inform the defendant, that it is his right to make a statement in relation to the charge against him."

Section 197 provides, viz.:

"If the defendant waive his right to make a statement, the magistrate must make a note thereof, immediately following the depositions of the witnesses against the defendant."

Section 198 of the Code of Criminal Procedure provides that, if the defendant chooses to make a statement, the magistrate must take it in writing, without oath.

And section 199 provides that the answer of the defendant to each of the questions must be distinctly read to him as it is taken down.

Section 201 of the Code of Criminal Procedure provides that:

"After the waiver of the defendant to make a statement, or after he has made it, his witnesses, if he produce any, must be sworn and examined."

It seems that the police justice did not comply with the provisions of law to which reference has been made. We are of the opinion that before a party is placed on trial in a court of special sessions, or in a police court, he should be charged by an information, clear and definite, and the charge should be followed by a warrant specifically stating the crime alleged. In the case in hand we think the police justice did not, in that particular, comply with the statutes to which

reference has been made, and that, for that reason, he did not acquire jurisdiction of the defendant, and the judgment of conviction should be reversed.

Judgment of the county court and of the police court reversed, and the defendant discharged.    All concur.