THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ANNIE GILES and DORA GILES, Appellants.

*Police Courts and Courts of Special Sessions — the testimony on a trial must be reduced to writing.*

It is the duty of every court or magistrate before whom a trial is had to reduce the testimony to writing, and this is especially so where the trial is had upon a charge which is criminal in its nature.

The provisions contained in part IV of the Code of Criminal Procedure relating to criminal actions prosecuted by indictment do not apply to proceedings had under part V of that Code relating to proceedings in Courts of Special Sessions and Police Courts and before police magistrates, unless specially declared to be applicable thereto.

APPEAL by the defendants, Annie Giles and Dora Giles, from a judgment of the Court of General Sessions of the Peace held in and for the city and county of New York, rendered on the 17th day of August, 1896, affirming the decision rendered by a magistrate of the city of New York, committing the defendants to the custody of the Missionary Sisters of the Third Order of Saint Francis.

*Hugh O. Pentecost*, for the appellants.

*Elbridge T. Gerry* and *John R. Fellows*, for the respondent.

RUMSEY, J.:

On the 20th day of June, 1896, a complaint was made before a city magistrate that the two persons named as appellants here, being children under the age of sixteen years, one of them being five years of age and the other seven, were found improperly exposed and neglected by their parents and in a reputed house of assignation and prostitution and without any proper guardianship, in violation of the Penal Code of the State of New York. The complaint further contained allegations that the mother of said children was, on the aforesaid 20th day of June, 1896, charged upon the complaint of the same deponent with keeping and maintaining a disorderly house, and that the said mother was then confined in the city prison upon the said complaint. The complainant further said that the father of the children had full knowledge of the character of the premises maintained by the mother.

Upon that complaint the magistrate issued his warrant, requiring that the children should be brought before him; and thereupon a hearing was had, and, on the 21st day of June, 1896, the magistrate made his judgment of commitment, by which the children were committed to the Missionary Sisters of the Third Order of St. Francis, where they are now detained.

From the judgment of commitment, made by the magistrate, the mother took an appeal to the Court of General Sessions, pursuant to the right given to her by section 749 of the Code of Criminal Procedure. That appeal was based upon an affidavit, upon which it was allowed by the recorder. The affidavit is inartificially drawn, and contains many allegations of fact not germane to this proceed-

ing in its present shape, and which cannot be considered ; but those parts of it which can be considered contain clearly enough allegations which may be regarded as specifications of error.    They amount to a charge on the part of the appellants that there was error in fact committed in the decision of the magistrate which resulted in the judgment of commitment.   The complaint, as has been stated, charged that the children were improperly exposed and neglected by their parents ; that they were in a reputed house of assignation and prostitution, and that they were without any proper guardianship.

It is evident from the complaint and from the return that, up to the time of the arrest of Mary Giles, the mother of these children, they had been in her charge and sheltered in her house, and it is quite evident from the complaint that the basis of the charge against them, upon which the arrest was made, was that, the mother having been arrested upon a charge of keeping and maintaining a disorderly house, and being in prison upon that charge, the necessary inference followed that the children, being inmates of that house, were liable to the charge upon which they were arrested.   It is fairly to be inferred from that complaint that these are the grounds upon which the magistrate acted ; because, not only must there have been present in his mind a knowledge of the fact that the mother was arrested upon the charge of keeping a disorderly house, for which he had just before issued a warrant against her, but the allegation of that same fact was made by the complainant here the basis of his charge in this proceeding.   So that the charge against the children could stand only if Mrs. Giles was guilty of the offense alleged against her, because, if she was innocent of that offense, and the house in which these children were was not a disorderly house, then there was no foundation for any charge against the children that they were improperly neglected or that they were inmates of a reputed house of assignation and prostitution.   The charge that they were without proper guardianship could only stand if it was made to appear that this woman and her husband, their natural protectors, were not proper persons to take care of them.   This was found by the magistrate, and the correctness of this finding as matter of fact is fairly challenged by the affidavit upon which the appeal was allowed.

When that appeal was allowed and that question raised, it was the duty of the magistrate to make such a return as was prescribed by section 756 of the Code of Criminal Procedure, which directs that he must make a return to all the matters stated in the affidavit. The matters stated in the affidavit require a return of so much of the evidence taken before the magistrate as would enable the Court of General Sessions in passing upon the appeal to decide whether the evidence before the magistrate was sufficient to warrant the conclusion reached by him which resulted in the commitment of the children, the correctness of which was directly challenged by the appeal. No evidence was included in the return, but, on the contrary, the magistrate returns distinctly that the testimony and evidence taken by him was not reduced to writing, except so far as the same is contained in the complaint and the papers. But the complaint and the papers produced here contain no evidence except the allegations in the complaint, which, for the purposes of this proceeding, cannot be deemed to be evidence.

Why the testimony taken before the magistrate was not reduced to writing we are unable to conceive. This proceeding was had under the statute, for the purpose of obtaining a judgment which should deprive the parents of these children and of their right to control them, and commit them to the care of a society; and the propriety of doing that was based upon charges, criminal in their nature, which it was the duty of the complainant to establish by proof before a judgment of commitment could be rendered. In every trial, whether summary or not, especially when the charge upon which the defendant is tried is criminal in its nature, it is the duty of the court or magistrate before whom the trial is had to reduce the evidence to writing. That this should be done is essential to the rights of the parties who are put upon their trial and who may possibly be convicted by the judgment; otherwise it would be impossible for them in any case to have a review of their conviction and sentence.

It is said, however, that the magistrate was only required to reduce this testimony to writing when a demand to that effect was made either by the district attorney or the defendant, and as authority for that proposition is cited section 204 of the Code of Criminal Procedure. That section is contained in part IV of the Code of Criminal Pro-

cedure, which treats of the proceedings in criminal actions prosecuted by indictment. It is in that special portion of part IV which prescribes the proceedings to be had upon the preliminary examination, which may result either in the commitment of the defendant to await the action of the grand jury or in his discharge. The proceeding which is the subject of examination here is regulated, so far as it is regulated at all by statute, by part V of the Code of Criminal Procedure, which treats of proceedings in Courts of Special Sessions and Police Courts, and which also contains regulations regarding proceedings before police magistrates. The directions contained in part IV for the regulation of proceedings in criminal actions prosecuted by indictment do not apply to the proceedings mentioned in part V of the Code of Criminal Procedure, unless they are made so to apply by special provision of the statute. (*People* v. *Cook*, 45 Hun, 34.) Therefore, section 204, referring as it does only to preliminary examinations, in no way affects the duty of the magistrate in proceedings had under section 291 of the Penal Code, which are regulated, as we have seen, by part V of the Code of Criminal Procedure. All these proceedings in part V, including this particular one, may result in a judgment detaining the defendant or subjecting him to a fine. They, therefore, necessarily and finally dispose of the rights of the person who is brought before the magistrate; and a proper protection of those rights requires that the evidence taken before the magistrate, and which he holds is sufficient to warrant his action in depriving the defendant of his liberty, should be reduced to writing, so that upon an appeal the correctness of his conclusions may be examined.

When the papers upon which this appeal was taken were served upon the magistrate it was his duty to make a return of the evidence, as we have said; and if the return was not sufficient, the court had power to order an amended return which should contain the evidence. This was necessary in this proceeding, because, otherwise, the correctness of the determination of the magistrate upon a question of fact could not be reviewed. But it is apparent in this case that the magistrate was unable to return the evidence, because it was not taken down before him. He did return all that he could return, and that was his conclusion that the evidence was sufficient to prove the charge made against these chil-

dren. But the appellants had the right to have the grounds of that conclusion examined. That was the precise purpose for which the appeal was brought. The Court of General Sessions could examine those grounds, either by examining the evidence, if it was produced to them, or, as in this case, where the evidence could not be produced, it could examine the correctness of those conclusions by exercising its undoubted power to grant a new trial. When it was made to appear that no evidence could be produced because it had not been preserved, it was the duty of the court, as we think, to direct a new trial to be had, to the end that it might be able to determine whether the facts were such as to warrant the commitment of these children. This is the judgment which, upon these papers, we think the Court of General Sessions should have rendered in this case.

From the judgment of the Court of General Sessions an appeal lies to this court, and there is no question but that we have the power, upon review of the judgment of the General Sessions, to direct such a judgment to be had as that court should have rendered. It should have directed a new trial. Its failure to do this was error, for which its judgment must be reversed, and the case must be remitted to the Court of General Sessions, with directions to order a new trial, which should be had in that court under the provisions of the Code.

VAN BRUNT, P. J., BARRETT, WILLIAMS and PATTERSON, JJ., concurred.

Judgment reversed and the case remitted to the Court of General Sessions, with directions to order a new trial to be had in that court under the provisions of the Code.