(37 Misc. Rep. 635.)

PEOPLE ex rel. EDWARDS v. WARDEN OF CITY PRISON.

PEOPLE ex rel. ARLINGTON v. SAME.

(Supreme Court, Special Term, New York County. April, 1902.)

1. HABEAS CORPUS—REVIEW—ILLEGAL ARREST.

     Though defendant was illegally brought within the jurisdiction of the-court, and committed to the workhouse, after trial, for six months, unless. sooner discharged, it does not entitle her to a writ of habeas cor-pus to review the commitment on the contention that she was arrested by an officer without a warrant, who was not present when her alleged crime was committed; and where the return shows that she was duly committed by a city magistrate on competent evidence, she should be-remanded, under Code Civ. Proc. § 2032, declaring that the prisoner must be remanded if she was detained by the final judgment of a competent: tribunal of civil or criminal jurisdiction.

2. COMMITMENT TO WORKHOUSE—ORDER OF DISCHARGE—SERVICE OF COPY.

     Charter of New York, § 710, requiring the commissioner of correction, within three days after the commitment of any person to the workhouse, to ascertain by the record whether such person had been committed to-such workhouse after April 4, 1895, and within two years next preced-ing the date of such commitment, for intoxication, disorderly conduct, or vagrancy, and to make an order setting forth the date on which such person should be discharged, does not require the warden of the city prison to serve such a prisoner with a copy of the order within twenty-four hours of the commitment, nor with a copy of an order showing the-date of discharge, where it does not appear that any such order has ever been made.

3. SAME—DISCHARGE.

     A prisoner committed to a workhouse as a vagrant is not entitled to-a discharge, under Charter of New York, § 710, after five days from her

commitment, because she had not been committed to the workhouse within two years next preceding the date of her commitment by the magistrate for intoxication, disorderly conduct, or vagrancy, where the committing magistrate has not consented, as provided by such section, to an order of the commissioner of corrections discharging such vagrant before the time fixed by the warrant of commitment.

Application by the people, on the relation of Lillie Edwards, for a writ of mandamus to the warden of the city prison, and application by the people, on the relation of Stella Arlington, for a writ of mandamus to the same respondent. Writs dismissed.

Philip Cohen, for relators.

William Travers Jerome, Dist. Atty., for respondent.

GREENBAUM, J. The relators in both cases have been brought into court upon habeas corpus writs, to which returns have been made that they are held in custody by the respondent by virtue of a commitment made by one of the city magistrates under a conviction upon a charge of vagrancy. The copy of the commitment forming a part of the return in each case recites that the relator, being charged on oath with being a vagrant, who, in violation of title 3, § 141, of the Greater New York Charter, did knowingly reside in a house of prostitution in a tenement house in certain premises specifically described, was brought before the magistrate for examination; that the magistrate proceeded in the presence and hearing of the relator to inquire into the matter; and that, after having heard the proofs and allegations submitted and duly considered the matter, she was convicted on competent testimony of being such vagrant, and that she was thereupon committed to the workhouse on Blackwell's Island, pursuant to the provisions of sections 707–710, 712, of the Greater New York charter, for the term of six months, unless sooner discharged by due course of law. Each of the relators traverses the returns by setting forth: First, that she was arrested without a warrant, by an officer who was not present when the alleged crime was committed; second, that she is entitled to the benefit of section 710 of the Greater New York charter "for the reason that she was not committed to the workhouse, penitentiary, or county jail after January 1, 1902, and within two years next preceding the date of the commitment of said magistrate, for public intoxication, disorderly conduct, or vagrancy"; and, third, that the relator is unlawfully and illegally detained for the reason "that the warden of the workhouse did not serve the relator, within twenty-four hours after her commitment, with a copy of an order showing the date of her discharge." Upon the hearing the district attorney, who appeared for the respondent, demurred to the traverse, so that the questions here presented are upon an assumption of the truth of the facts set forth in the traverse.

Before taking up the points seriatim, it may not be amiss to refer to section 2032 of the Code of Civil Procedure, which provides that the prisoner be remanded if it appears that he is detained in custody "by virtue of the final judgment or decree of a competent tribunal of civil or criminal jurisdiction." The relator contends that the

magistrate did not acquire jurisdiction, because the crime charged was not committed in the presence of the police officer, who arrested her without a warrant. It may be conceded that the police officer had no authority to arrest the relators, but it by no means follows that the magistrate had, therefore, no jurisdiction to hear and determine the matter of the crime with which the relators stood charged. It is unnecessary here to outline the course that may be pursued by a person thus unlawfully apprehended. The general rule is that it is no defense to a criminal prosecution that the defendant was illegally or forcibly brought within the jurisdiction of the court. People v. Eberspacher, 79 Hun, 410, 29 N. Y. Supp. 796; In re Lagrave, 45 How. Prac. 314. In the case of People v. Pratt, 22 Hun, 300, cited in behalf of the relators, the court, under certiorari proceedings, reviewed the proceedings before the magistrate upon an appeal,—a practice which, under section 515 of the Code of Criminal Procedure, no longer exists. See People v. Warden of Workhouse (Sup.) 75 N. Y. Supp. 1111. The act of the magistrate in hearing the case, although the prisoner was unlawfully arrested, cannot be attacked in a collateral proceeding. People v. Protestant Episcopal House of Mercy, 133 N. Y. 211, 30 N. E. 853. Full force and effect must, therefore, be given to the judgment of the magistrate, and under section 2032 of the Code of Civil Procedure the prisoners should be remanded.

The next point raised is that the relators had not been committed to the workhouse after January 1, 1902, and within two years next preceding the date of the commitment, and that under the provisions of section 710 of the Greater New York charter they are unlawfully detained, for the reason that they are entitled to an order from the commissioner of charities directing their discharge at the expiration of five days from the date of their commitment. The same section also provides that "no order for the discharge of said persons before the period fixed by the warrant of commitment shall be made without the written consent, endorsed upon said order, of the court or magistrate, by which or whom such vagrant was committed." There is no statement of such consent set forth in the traverse, or that all the requirements of section 710 have been met, and therefore no legal detention is apparent.

The final point relied upon by the relators is that the warden did not serve the relators, "within twenty-four hours after her commitment, with a copy of an order showing the date of her discharge." There appears to be nothing in section 710 which requires the warden to serve a copy of any order within 24 hours after her commitment. The act provides for the service by the warden upon the prisoner of a copy of an order of discharge "whenever the date of discharge named in such order is more than five days from the date of the warrant of commitment." The object of this provision seems to be to afford the prisoner an opportunity for a correction of the date of discharge in case the order of discharge was based upon an erroneous assumption that the prisoner had been previously committed for a similar offense upon more than one occasion. In the case here presented it does not appear that any order directing the dis-

charge of the relators before the expiration of the six months for which they stand committed had been made; hence there was no order that the warden could have served upon the relators. The writs must be dismissed and the relators remanded to the custody of the respondent.

Writs dismissed, and relators remanded.