THE PEOPL OF THE STATE OF NEW YORK, Respondent, v. EDWARD T. JOHNSTON, Appellant.

APPEAL — JUDGMENT OF APPELLATE DIVISION RENDERED IN CRIMINAL ACTION ORIGINATING IN COURT OF SPECIAL SESSIONS NOT REVIEWABLE. The Court of Appeals has no jurisdiction to hear an appeal from a judgment rendered by the Appellate Division affirming a judgment of a County Court modifying and affirming a judgment of a Court of Special Sessions convicting the defendant of the crime of petit larceny. (Code Crim. Pro. §§ 699–772.).

*People* v. *Johnston*, 112 App. Div. 812, appeal dismissed.

(Submitted January 14, 1907; decided February 1, 1907.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered May 15, 1906, affirming a judgment of the Warren County Court which modified and affirmed as modified a judgment of the Court of Special Sessions in the village of Glens Falls convicting the defendant of the crime of petit larceny.

The facts, so far as material, are stated in the opinion.

*A. Armstrong* and *L. Armstrong* for appellant.

*William L. Kiley, District Attorney (Daniel J. Finn* of counsel), for respondent.

Vann, J.  On March 3rd, 1905, the defendant was convicted of the crime of petit larceny by a Court of Special Sessions held in the village of Glens Falls and sentenced to the Albany Penitentiary for the term of sixty-one days. An appeal was allowed to the County Court of Warren county, which modified the judgment by reducing the sentence to a fine of $50, and as thus modified the judgment of the Court of Special Sessions was affirmed. A further appeal was taken by the defendant to the Appellate Division, which affirmed the judgment of the County Court. The defendant then served a notice of appeal to this court and the case when reached on the calendar was submitted without argument.

As a general rule, with one limitation not now important, we have no jurisdiction to hear an appeal from a judgment rendered by the Appellate Division in a criminal action which originated in a Court of Special Sessions. (*People ex rel. Comrs. of Charities* v. *Cullen,* 151 N. Y. 54, 59.) The apparent inconsistency between the case cited and a case with the same title reported in 153 N. Y. 629, is explained by a statute passed after our earlier decision was made and limited in its effect to the city and county of New York. (L. 1895, ch. 601, § 20.)

There is no right of appeal in criminal actions except as conferred by statute and we find none allowing an appeal to this court under the facts of this case. (*People* v. *Trezza,*

128 N. Y. 529.) The subject is regulated by the Code of Criminal Procedure, of which part five is devoted to "proceedings in courts of special sessions and police courts." (§§ 699–773.) Title three of part five, relating to "appeals from courts of special sessions," authorizes an appeal to the County Court from judgments of conviction rendered by minor courts, including courts of special sessions and police courts. (§ 749.) The County Court may affirm or reverse the judgment so appealed from, "or may order a new trial, or may modify the sentence." (§ 764.) "If the judgment on the appeal be against the defendant he may appeal therefrom to the Appellate Division of the Supreme Court in the same manner as from a judgment in an action prosecuted by indictment." (§ 770.) "The judgment of the Appellate Division of the Supreme Court upon the appeal is final," with a single exception not now material. (§ 771.) As we said in *People ex rel. Comrs. of Charities* v. *Cullen* (151 N. Y. 54, 59): "The rule is absolute in all cases, with a single exception, and the proceeding before us is not covered by the exception. The legislature evidently intended to place a limit upon the right of review in the less important class of cases, by allowing only two appeals, one to the County Court and the other to the Supreme Court."

Part four of the Code of Criminal Procedure, embracing sections 133 to 699, relates to "proceedings in criminal actions prosecuted by indictment," and has no bearing upon actions prosecuted without an indictment, such as the one before us.

The provisions of the Code of Civil Procedure regulating our jurisdiction are confined to "civil actions and proceedings." (§§ 190, 191.)

The Constitution provides that "the Appellate Division in any department may * * * allow an appeal upon any question of law which, in its opinion, ought to be reviewed by the Court of Appeals." (Art. 6, § 9.) Assuming that this provision applies to criminal actions, still there was no attempt to comply with it, so far as the record discloses.

The defendant's appeal to this court was taken without the

authority of law, and we cannot consider the questions presented by his counsel. The appeal should be dismissed and the record remitted to the County Court of Warren county for appropriate action to enforce the judgment.

Cullen, Ch. J., Gray, Edward T. Bartlett, Werner, Hiscock and Chase, JJ., concur.

Appeal dismissed.