## COUNTY COURT—ERIE COUNTY,
### Nov. 1915.

## THE PEOPLE v. MAY PARK.

(92 Misc. 369.)

ARREST—WITHOUT WARRANT—JURISDICTION—WHEN JUDGMENT OF CONVIC-
TION NOT INVALID—CITY COURT OF BUFFALO.

   Where defendant, arrested without a warrant, was convicted in the
   City Court of Buffalo on a misdemeanor charge of keeping a disorderly
   house in violation of the city ordinances, of which offense said court has
   in the first instance exclusive jurisdiction to hear and determine, the
   judgment of conviction is not invalid because defendant's arrest was
   for a misdemeanor not committed in the presence of the officer making
   the arrest, and such conviction will be affirmed on appeal.

APPEAL by defendant from a judgment of conviction and a
fine rendered by the City Court of Buffalo.

*E. W. McIntyre*, for appellant.

*C. McLaughlin*, for respondent.

LAING, J.:

   This is an appeal by the defendant from a judgment of con-
viction and a fine of fifty dollars rendered in the City Court of
Buffalo May 12, 1915. The record is a little obscure as to the
nature of the charge against the defendant, but the argument
here was based upon the assumption that the defendant was
charged with keeping a disorderly house in violation of section
2 of chapter 9 of the ordinances of the city of Buffalo. This
charge is a misdemeanor and under section 70 of the City Court
Act the City Court has in the first instance exclusive jurisdiction
to hear and determine all charges of misdemeanors. The de-

fendant was arrested without a warrant and the sole question argued before this court is that the conviction is invalid because the arrest was for a misdemeanor not committed in the presence of the officer. The record does not show what occurred when this defendant was first brought before the City Court but the record does show that very soon after the first witness was called by the people it appeared that the defendant was arrested without a warrant, and that no crime was committed in the presence of the officer, and that as soon as these facts were disclosed the defendant's attorney moved for the discharge of the prisoner on the grounds that the defendant was arrested without a warrant and that no crime was committed in the presence of the officer, and that the crime charged was a misdemeanor and that the law requires that a person charged with a misdemeanor cannot be arrested without a warrant. It will be assumed, therefore, in the disposition of this case, that the defendant by her conduct upon the trial did not waive her right to raise the question argued upon this appeal. Section 177 of the Code of Criminal Procedure provides:

" A peace officer may, without a warrant, arrest a person:

" 1. For a crime committed or attempted in his presence;

" 2. When the person arrested has committed a felony, although not in his presence;

" 3. When a felony has in fact been committed, and he has reasonable cause for believing the person to be arrested to have committed it."

This section and the other sections relating to an arrest are contained in part IV of the Code of Criminal Procedure entitled " Of the proceedings in criminal actions prosecuted on indictment." It has been held that sections 188 and 189 of the Code of Criminal Procedure, which sections provide that when the defendant is brought before the magistrate the magistrate must inform the defendant of the charge and his right to counsel, and give the defendant time to send for counsel, do not apply

to a case of which a Court of Special Sessions has exclusive jurisdiction. People v. Cook, 45 Hun, 34.

The decision in that case is based upon the fact that sections 188 and 189 are contained in part IV of the Code entitled as stated above " Of the proceedings in criminal actions prosecuted on indictment," whereas the case under consideration in People v. Cook was one of which the Court of Special Sessions had exclusive jurisdiction and hence came under part V of the Code of Criminal Procedure entitled " Of proceedings in courts of special sessions and police courts." The case of People v. Giles, 12 App. Div. 495, follows the case of People v. Cook, 45 Hun, 34, and holds that section 204 of the same Code does not apply to a case involving a crime not prosecuted by indictment. These cases are cited without disapproval in the case of People v. Burns, 19 Misc. Rep. 680.)

In the case of People v. Johnson, 187 N. Y. 319, it is held that part IV of the Code of Criminal Procedure embracing sections 133 to 699 relates to " proceedings in criminal actions prosecuted on indictment " and has no bearing upon actions prosecuted without an indictment. Section 177 is the only provision of the Code providing in what cases an arrest may be made except that there are one or two special provisions not involved in the question now under consideration. In title 1 of part V which is entitled " Of proceedings in courts of special sessions in the counties other than New York " there is no section providing in what cases an arrest may be made. The only Code provision therefore covering the case now under consideration is section 177, and section 177 is contained in part IV of the Code, and part IV of the Code has to do with actions prosecuted by indictment. The decisions above cited seem to hold that all the sections contained in part IV are limited in their operation to part IV and have no application to part V.

Section 177 above quoted is, however, but an enactment of the rules of the common law. Burns v. Erben, 40 N. Y. 463.

If it is to be held that section 177 only applies to the cases prosecuted by indictment then it is doubtless the law that the common law rules embodied in the section apply to all cases not prosecuted by indictment. This must be so for the reason that the matter of protection from unwarranted arrest is one of the fundamental principles of our jurisprudence. Notwithstanding the decisions above cited holding that the various sections of part IV of the Code only apply to cases prosecuted by indictment, section 177 has been treated as applying to all cases in numerous decisions. It was so treated in the case of People v. Glennon, 175 N. Y. 55, and in Stearns v. Titus, 193 N. Y. 272, 275. Many decisions might be collected where it appears that section 177 of the Code has been treated as generally applicable to arrest for crime whether a felony or misdemeanor and whether prosecuted by indictment or otherwise. Notwithstanding the above decisions (45 Hun, 34; 12 App. Div. 495 and 187 N. Y. 319) I am of opinion that the courts will ultimately hold that the sections of the Code of Criminal Procedure contained in part IV relating to arrest are of general application. Whether or not this is so it is doubtless true that section 177 embodies the law relating to the matter of arrest.

We now reach the question as to whether or not the City Court of Buffalo failed to acquire jurisdiction of the defendant because she was arrested for a misdemeanor without a warrant. In the case of People v. James, 11 App. Div. 609, it is held that the court did not acquire jurisdiction of the defendant because no information was filed before the police justice and no warrant was issued. In the case of People v. Howard, 13 Misc. Rep. 763, it was held that a police officer can arrest for a misdemeanor without a warrant only when the offense was committed in his presence and that objection that the arrest was made without a warrant is available as a plea to the jurisdiction of the court or magistrate. The case of People v. James, 11 App. Div. 609 is cited with approval in People v. Angie, 74 id.

539. In the case of People v. Pratt, 22 Hun, 300, it is held that the court did not acquire jurisdiction where the defendant was arrested without a warrant, the arrest having been made for a misdemeanor. In People v. Munson, 83 Misc. Rep. 308, it is held that the provisions of section 699 of the Code requiring that the charge be read to the defendant and that he plead to it must be complied with and cannot be waived.

*Contra,* it has been held that the sole object of an information and the issuing of a warrant is to bring the defendant to the bar of justice (People v. Cornell, 6 Misc. Rep. 68), and that an omission to reduce the charge against a defendant to writing is not jurisdictional and that a magistrate acquires jurisdiction of a person when the person is placed in his custody charged with crime. People v. Carter, 88 Hun, 308; People v. Webster, 75 id. 278. In the case of People v. Eberspacher, 79 Hun, 410, Cullen, J., says: " The general rule is that it is no defense to a criminal prosecution that the defendant was illegally or forcibly brought within the jurisdiction of the court." A judgment of conviction rendered by a court which had jurisdiction of the defendant and of the offense is not affected by the fact that the defendant was wrongfully arrested without a warrant. People v. Iverson, 46 App. Div. 301. The general rule is that it is no defense to a criminal prosecution that the defendant was illegally or forcibly brought within the jurisdiction of the court. People v. Warden, 37 Misc. Rep. 635; Matter of Legrave, 45 How. Pr. 314. Where a person is arraigned before a magistrate on a charge of keeping a disorderly house and enters a plea of guilty his conviction is not invalid by reason of his having been arrested by. a police officer without a warrant. People v. Jeratino, 62 Misc. Rep. 587. Where an arrest is made without a warrant for an offense of which a justice of the peace has jurisdiction no written information need be made or filed or warrant issued by the justice where the defendant pleads guilty upon being brought before him. People v. Burns, 19 Misc. Rep.

680. If an examination be refused and defendant elect to be tried by the special sessions and is convicted the conviction will stand. Son v. People, 12 Wend. 344. Where upon being brought before a committing magistrate the accused elected to be tried before the Court of Special Sessions the objection to the jurisdiction of the court is waived. Gill v. People, 3 Hun, 187. The general rule is that it is no defense to a criminal prosecution that the defendant was illegally or forcibly brought within the jurisdiction of the court. People v. Cuatt, 70 Misc. Rep. 453; People v. Harmer, 75 id. 400.

The above citations show that the lower courts are not in accord as to the law. My conclusion is that a conviction should not be set aside because the defendant was illegally arrested. The only office of the information and the warrant is to bring the defendant before the magistrate. If the defendant is before the magistrate and after being before the magistrate has a fair trial and is convicted on sufficient evidence every substantial right of the defendant is protected. What happens before the defendant is brought before the magistrate is of no importance as bearing on the justice of his conviction. A conviction of course cannot stand unless the magistrate has jurisdiction of the crime. If a magistrate has jurisdiction of the crime then the weight of authority is that the magistrate acquires jurisdiction of the person when the defendant is brought before him charged with a crime. This rule does not deprive the defendant of the benefit of the provisions of law relating to arrest. If it turns out that he is illegally arrested he has his remedy in an action for false imprisonment. Nor does this rule, as I understand the law, apply where there is an examination before the magistrate instead of a trial. People v. Eberspacher, 79 Hun, 410-412. A trial before a magistrate necessarily means that a charge was made, that the defendant was before the court, that evidence was submitted, and that all the guarantees provided by law in a trial were observed. Having been con-

victed after such a trial the conviction is not illegal because the defendant was brought before the magistrate in a way not sanctioned by the common law or the provisions of the Code of Criminal Procedure. It is doubtless true that if a defendant is unlawfully arrested and an attempt is made to adjourn the trial and detain the defendant the courts will release him (See People v. Crane, 94 App. Div. 397), but when a defendant is brought before a magistrate and charged with crime and the trial proceeds without delay the magistrate has jurisdiction of the defendant and his conviction as the result of such a trial must stand.

This case is disposed of on the assumption that the defendant, in due time, raised the question as to the legality of her arrest, and that, therefore, there is no question of waiver in this case. In view of the fact, however, that in the case of People v. James, 11 App. Div. 609, it is held that a defendant who appears by counsel and goes to trial without raising the question as to the legality of his arrest does not therefore waive the objection, it may be that attention should be called to the numerous cases which hold to the contrary, to-wit: A prisoner may waive the requirement that written information be filed before his arrest. People ex rel. Farley v. Crane, 94 App. Div. 397. A defendant waives an objection to the sufficiency of the information by going to trial without raising objection to the same. People v. Cook, 45 Hun, 34. The objection to the jurisdiction of the magistrate that an arrest for a crime was made without a warrant being issued on information having been lodged is waived by the prisoner's pleading guilty in open court when arraigned. People v. Burns, 19 Misc. Rep. 680. One charged with an offense may waive the forms of a charge on oath, arrest and examination and give bail at once without them and his recognizance will be valid. Champlain v. People, 2 N. Y. 82. Where no question is raised by defendant as to the

legality of his arrest without a warrant the magistrate has jurisdiction to examine the charge. People v. Warden, 123 App. Div. 289, 22 N. Y. Crim. 97. If the court has jurisdiction of the subject matter an objection that the proper steps have not been taken to confer jurisdiction over the person may be waived by acquiescence. People v. Brennan, 3 Hun, 666. The objection that a court has no jurisdiction of the person of the accused may be waived. Matter of Blum, 9 Misc. Rep. 571.

These cases, involving the question of waiver, seem to imply that unless there is a waiver by the defendant the court does not acquire jurisdiction of the person. In most, if not all, of these cases in which the question of waiver was considered, however, it does not appear that any question was considered by the court except the question of waiver. The broader question as to whether or not the court acquires jurisdiction when the defendant is brought before the magistrate and charged with a crime was not considered. The question was up, however, and received careful consideration from very able judges in the cases cited in this memorandum, and, as already suggested, I believe the weight of authority is that the magistrate acquires jurisdiction of the person when the defendant is brought before the magistrate and charged with crime.

Judgment of conviction affirmed.