# BALTIMORE CITY COURT.

Filed June 1, 1925.

STATE OF MARYLAND, ON APPLICATION OF CLARENCE DURHAM,

VS.

FREDERICK NORDENHOLTZ.

*Herbert L. Grymes* for petitioner.

*Assistant State's Attorneys William L. Stuckert* and *Hilary W. Gans* for State of Maryland.

ULMAN, J.—

The purpose of the writ of habeas corpus herein is to test the jurisdiction of the Traffic Court of the City of Baltimore, in the case of Clarence Durham, the petitioner, who was arrested on May 10, 1925, and charged with violations of certain sections of Chapter 506, of the Laws of 1920. Each of said charges involved the commission of a misdemeanor.

The acts forming the basis of said charges occurred on May 10, 1925. No police officer was present at that time. Some hours later the petitioner was taken into custody by Officer Maxwell, and was taken to a police station where he gave bail for his appearance in the Traffic Court the next morning.

The petitioner duly appeared in the Traffic Court and, when his case was called, was represented by the same able counsel who has filed this petition. He pleaded "not guilty" and the trial proceeded. The Traffic Court found the petitioner guilty on the three charges against him. Petitioner has appealed to the Criminal Court of Baltimore City, and has been released on bail pending a hearing of his appeal.

It developed during the trial in the Traffic Court that Officer Maxwell made the arrest on information received by him, and without a warrant. As a matter of fact, no warrant for petitioner's arrest ever was issued.

The State concedes that the arrest, under the circumstances above related, was irregular. The petitioner, through his counsel, vigorously contends that such concession carries with it, as a necessary consequence, the conclusion that all of the proceedings before the Traffic Court are void, and that he should be released under this writ.

A writ of habeas corpus is the proper method to test the jurisdiction of a criminal tribunal. The authorities hold uniformly that such jurisdiction is compounded of two elements, viz., jurisdiction of the offense, and jurisdiction of the person. It is not questioned in the present case that the Traffic Court had jurisdiction of the offense. The only question, therefore, is whether or not it acquired jurisdiction of the person of the petitioner.

As stated above, petitioner appeared for trial, entered pleas, and through his counsel actively participated in the trial. At no stage of the trial did petitioner question the regularity of the process which brought him before the court. In explanation of this, however, his counsel urges that it was not until after the conclusion of the trial that petitioner knew that he had been arrested without a warrant. An obvious answer to this contention would be that petitioner must have known that when he was arrested by Officer Maxwell the latter did not exhibit or read to him a warrant.

This case, however, presents a question which goes deeper than that above suggested. There is an almost unbroken current of authorities to the effect that while the objection that a court has not jurisdiction of the offense cannot be waived or cured by subsequent proceedings, the objection that it has not jurisdiction of the person of the accused may be waived. On the specific question here presented, numerous courts have held that an arrest without a warrant is a jurisdictional defect affecting jurisdiction of the person only; and that when the accused appears, pleads either "guilty" or "not guilty," and submits to trial, he waives such defect.

16 C. J., 184; 8 R. C. L., 96.

A careful examination of the cases cited in the notes appended to the aforegoing references reveals that although courts have generally used the word "waiver" as describing the effect of the submission of the accused to trial following an illegal arrest, the basis of their decisions is something which, though akin to "waiver," is more radically fundamental than "waiver." It is a familiar principle of civil law, as distinguished from criminal law, that "waiver is the intentional relinquishment of a known right."

27 R. C. L., 908.

A close study of the facts of many of the criminal cases in which it has been held that the accused had "waived" his right to object to the court's jurisdiction of his person by reason of irregularity of the process preceding his trial, fails to disclose any intentional relinquishment or voluntary surrender of a known right. There are, as might be expected, occasional cases in which careful consideration has been given to the presence or absence of the elements of waiver; and, in these

cases, the courts have sometimes concluded that certain of such elements were not present and have therefore denied jurisdiction because there was no true waiver. Such a case is People vs. James, 43 N. Y. Supp. 315 (decided in 1896), which is strongly relied upon by petitioner. In the later case of People vs. Park, 156 N. Y. Supp. 816 (decided in 1915), attention is called to the fact that the James' case, supra, has not been regarded as a binding authority in New York and that a contrary result was reached in a number of later cases. Besides citing these later decisions, however, the court in the case of People vs. Park, supra, discusses the question in its broader aspects.

"My conclusion is that a conviction should not be set aside because the defendant was illegally arrested. The only office of the information and the warrant is to bring the defendant before the magistrate. If the defendant is before the magistrate and after being before the magistrate has a fair trial and is convicted on sufficient evidence, every substantial right of the defendant is protected. What happens before the defendant is brought before the magistrate is of no importance as bearing on the justice of his conviction. A conviction, of course, cannot stand unless the magistrate has jurisdiction of the crime. If a magistrate has jurisdiction of the crime, then the weight of authority is that the magistrate acquires jurisdiction of the person when the defendant is brought before him charged with a crime. This rule does not deprive the defendant of the benefit of the provisions of law relating to arrest. If it turns out that he is illegally arrested, he has his remedy in an action for false imprisonment. * * *

"This case is disposed of on the assumption that the defendant, in due time, raised the question as to the legality of her arrest, and that therefore there is no question of waiver in this case. In view of the fact, however, that in the case of People vs. James, 11 App. Div. 609, 43 N. Y. Supp. 315, it is held that a defendant who appears by counsel and goes to trial without raising the question as to the legality of his arrest does not therefore waive the objection, it may be that attention should be called to the numerous cases which hold to the contrary, to wit: A prisoner may waive the requirement that written information be filed before his arrest. People ex rel. Farley vs. Crane, 94 App. Div. 397, 88 N. Y. Supp. 343. A defendant waives an objection to the sufficiency of the information by going to trial without raising objection to the same. People vs. Cook, 45 Hun. 34. The objection to the jurisdiction of the magistrate that an arrest for a crime was made without a warrant being issued on information having been lodged is waived by the prisoner's pleading guilty in open court when arraigned. People vs. Burns, 19 Misc. Rep. 680, 44 N. Y. Supp. 1106. One charged with an offense may waive the forms of a charge on oath, arrest, and examination, and give bail at once without them and his recognizance will be valid. Champlain vs. People, 2 N. Y. 82. Where no question is raised by defendant as to the legality of his arrest without a warrant, the magistrate has jurisdiction to examine the charge. People vs. Warden, 123 App. Div. 289, 107 N. Y. Supp. 1103. If the court has jurisdiction of the subject-matter, an objection that the proper steps have not been taken to confer jurisdiction over the person may be waived by acquiescence. People vs. Brennan, 3 Hun. 666. The objection that a court has no jurisdiction of the person of the accused may be waived. Matter of Blum, 9 Misc. Rep. 571, 30 N. Y. Supp. 396.

"These cases, involving the question of waiver, seem to imply that, unless there is a waiver by the defendant, the court does not acquire jurisdiction of the person. In most, if not all, of these cases in which the question of waiver was considered, however, it does not appear that any question was considered by the court except the question of waiver. The broader question as to whether or not the court acquires jurisdiction when the defendant is brought before the magistrate and charged with a crime was not considered. That question was up, however, and received careful consideration from very able judges in the cases cited in this memorandum, and as already suggested, I believe the weight of authority is that the magistrate acquires jurisdiction of the person when the defendant is brought before the magistrate and charged with crime."

People vs. Park, 156 N. Y. Supp. 816, 820, 821.

The precise question here presented has not been decided in Maryland. I have quoted at length from the New York Reports because the opinion in the Park case, supra, represents admirably the underlying reasons for the decision. I should add that that decision is in strict accordance with the overwhelming weight of authority throughout the country.

Without making any invidious distinctions, it may certainly be assumed that the courts of this State are and ought to be jealously astute to protect its citizens in their liberties. Nevertheless, the protection of the citizen at large against law breakers is at least as important as is the protection of the rights of the individual who is accused of a breach of the law. That such is the settled policy of our law is made manifest by the language of the Maryland Court of Appeals, in the case of Rigor vs. State, 101 Md. 465, 473, viz., "after final judgment of conviction the jurisdiction of the Court can not be questioned by an inquiry into the manner in which the accused was brought before it; and this is true even though the prisoner had been kidnapped and forcibly brought before the Court from a foreign jurisdiction." While the *Rigor* case does not present precisely the same question as is herein considered, the decision of the Court of Appeals in that case is binding upon this Court in the broad question of policy which underlies both cases.

In the present case the accused was irregularly arrested, and nothing herein contained is intended to be taken as an approval of the method of arrest to which the accused was subjected. He has, however, had a fair trial before the Traffic Court in which he was represented by counsel, and given a full opportunity to present his defenses. Moreover, he has, under the Statute, a right to an appeal and a trial in the Criminal Court of Baltimore City before a jury. He has entered such an appeal; and his case will be reached for trial in the Criminal Court within a few days. If he failed to present any substantial defense to which he was entitled in his trial before the Traffic Court, his counsel certainly will have had the fullest opportunity to make a complete preparation for a full defense in the Criminal Court. It seems clear, therefore, that petitioner's substantial rights have been and will be preserved fully. Petitioner's counsel insists that petitioner's fundamental and constitutional rights as a citizen have been violated. He cites cases, such as Pinkerton vs. Verberg, 78 Mich. 573, in which courts have condemned vigorously the practice of making arrests without a warrant upon charges of the commission of a misdemeanor. The case last cited, however, was a civil suit against the police officer for damages for false arrest; the questions presented in this case were in no way involved in it; and the language used by the court must be read in the light of the matter under consideration. It is not easy to turn a deaf ear to such a plea as is made in the present case. But to regard it, under the circumstances of the case, would be to exalt form above substance and to subordinate common sense and settled law to a high sounding rhetoric.

The petition is denied.

Note—Section 208 of Art. 56, of the Code of Public General Laws has no bearing on this case, as it applies to procedure before Justices of the Peace in the counties, but not to procedure before the Traffic Court of Baltimore City.