Reid S. Motile, J.
This is an appeal by the defendant from a judgment of the City Court of Buffalo, Hon. Willis G. Hickman presiding, under which the defendant was convicted on November 23, 1960 of the crime of petit larceny in violation of section 1298 of the Penal Law in that he unlawfully took two pairs of nylon hose of the value of $2 from a store operated by W. T. Grant Co. in the City of Buffalo.
The defendant’s position was fully and well presented to this court by Attorney Nicholas D. Grisanti who was assigned by the court to represent the defendant on this appeal.
The defendant in his affidavit of appeal states that during his trial he asked for an attorney, and also ‘ ‘ information regarding a jury trial ” and that at no time was he given any assistance by the court or any legal counsel, nor was he given a jury trial. The defendant maintains that even though it is not shown in the transcript of the minutes of the trial that he asked ‘ ‘ for information regarding a jury trial ’ ’ he made such request. He does not claim that he made any demand for a jury trial. He also states that he was not assisted in obtaining an attorney and that he was wholly without funds and unable to employ counsel and that he was held in jail and unable to make arrangements for counsel.
On an appeal the court obviously is confined to the alleged errors appearing in the record on appeal containing a transcript of the minutes of the trial and may not consider any other alleged errors.
The record shows that upon the arraignment of the defendant on June 13, 1960, the court after informing the defendant of the charge against him said: “You are entitled to counsel, a lawyer at any stage of this proceeding. You may have a reasonable adjournment to get a lawyer or you may enter a plea of guilty or not guilty and have this disposed of now. What do you wish to do? ”
The defendant responded: “I need counsel, your Honor.”
After some discussion the defendant again stated that he needed counsel. The court then stated: “ I will have to hold you. *62 I will have to commit you. Do you wish to plead not guilty? ” The defendant replied: “ I will have to. I haven’t had a chance to speak to no one.” The court adjourned the trial until June 22, 1960 and denied bail since the defendant had been convicted of a felony. The trial was held on June 28, 1960.
The defendant was advised during the trial that he could cross-examine the witnesses which right he exercised as to some of the witnesses. He was also advised that he could take the stand and make his own statement under oath but that the court could draw no inferences if he should choose not to do so.
The principal question here is whether the court complied with section 699 of the Code of Criminal Procedure. This section in part reads:
“1. In the cases in which the courts of special sessions or police courts have jurisdiction, when the defendant is brought before the magistrate, the magistrate must immediately inform him of the charge against him and of his right to the aid of counsel in every stage of the proceedings, and before any further proceedings are had.
‘' 2. The magistrate must allow the defendant a reasonable time to send for counsel, and adjourn the proceedings for that purpose. Upon request of the defendant, the magistrate must require a peace officer to take a message to such counsel, within the town or city, as the defendant may name, and the officer must, without delay and without fee, perform that duty.
“3. If defendant require counsel, then immediately after the appearance of counsel or if none appear, after waiting a reasonable time therefor, and if defendant do not require counsel, then immediately the charge against the defendant must be distinctly read to him, and he must be required to plead thereto, except as otherwise provided by law in relation to violations of traffic laws, ordinances, rules and regulations.” ■
It seems clear from the record that the foregoing provisions of section 699 were fully complied with. The defendant was clearly informed of his right to counsel and the case was then adjourned from June 13 to June 22, 1960.
There is no provision in section 699 of the Code of Criminal Procedure or in any other section of the code relating to Courts of Special Sessions (§§ 699-769) requiring that an attorney be assigned to a defendant such as there is in section 308 which relates to trials of defendants under indictment for felonies. Section 308 contained in part IV of the Code of Criminal Procedure in part reads: “If the defendant appear for arraignment without counsel, he must be asked if he desire the aid of counsel, and if he does the court must assign counsel.”
*63 It has been held that part IV of the Code of Criminal Procedure relating to proceedings in criminal actions prosecuted by indictment has no bearing upon actions prosecuted without an indictment (People v. Johnston, 187 N. Y. 319, 321 ; People v. Cuatt, 70 Misc. 453, 457-458 ; People v. Mullen, 66 Misc. 476, 479 ; People v. Kropp, 196 N. Y. S. 102, 104).
The courts have held that sections 8, 188, 189 and 308 of the Code of Criminal Procedure are applicable only to crimes prosecuted by indictment (People v. Cook, 45 Hun 34, 35 ; People v. Giles, 12 App. Div. 495, 499 ; People v. Park, 92 Misc. 369, 373-374 ; People v. Burns, 19 Misc. 680, 681).
The amendment to'- section 699 of the Code of Criminal Procedure in 1940 (L. 1940, ch. 423) providing that the magistrate must inform the defendant ‘ ‘ of the charge against bim and of his right to the aid of counsel in every stage of the proceedings, and before any further proceedings are had” does not in the judgment of the court change the law enunciated in the above-cited decisions for section 188 relating to the preliminary examination in cases of felonies contains the same provisions as above quoted from section 699. Counsel is assigned when requested in felony cases prosecuted by indictment, not by reason of section 188 but under the mandatory provisions of section 308 which, as shown, has no application to Courts of Special Sessions.
The case of People v. Price (262 N. Y. 410) relied upon in defendant’s brief related to the prosecution of a felony.
The defendant clearly waived a trial by jury by failing to demand such a trial as authorized by section 702 of the Code of Criminal Procedure. Section 702 provides: “ Before the court hears any testimony upon the trial, the defendant may demand a trial by jury.” The defendant alleges that he had requested “ information regarding a jury trial” but even this does not appear in the record on appeal. Had the defendant desired a jury trial he could have demanded or requested it.
The cases of Griffin v. Illinois (351 U. S. 12) and Eskridge v. Washington Prison Bd. (357 U. S. 214) have no application here for those cases relate to the right of an indigent defendant to be furnished with a transcript of the minutes of the trial for the purpose of an appeal.
The evidence before the trial court amply supports the judgment of conviction. The judgment is affirmed.