(74 App. Div. 539.)

PEOPLE v. ANGIE.

(Supreme Court, Appellate Division, Fourth Department. July 8, 1902.)

1. VAGRANT CHILDREN—ARREST—NECESSITY FOR WARRANT.

Under Pen. Code, § 291, subds. 4, 5, providing that any child under the age of 16 years found in places where intoxicating liquors are sold, except in charge of its parent or guardian, must be arrested and brought before a proper magistrate, who may commit the child to any charitable reformatory, a child under 16, found in a place where intoxicating liquors are sold, may be arrested without warrant or information.

2. SAME—OFFICERS—DUTIES.

Under Pen. Code, §§ 291, 293, providing that children under 16 years of age, found in places where intoxicating liquors are sold, except in company with a parent or guardian, must be arrested, and providing that any police officer may make such arrest and may interfere to prevent such offense, it is the duty of a police officer to arrest any child under 16 years of age found in a place where intoxicating liquors are sold.

3. SAME—MAGISTRATES—ROCHESTER POLICE JUSTICE.

Pen. Code, § 291, directs that any child under 16, found in any place where intoxicating liquor is sold, and not in the care of parent or

guardian, shall be arrested and brought before the proper court or magistrate. Code Cr. Proc. § 147, declares police justices to be magistrates. Laws 1898, c. 182, § 394, gives the police justice of Rochester the jurisdiction conferred by Code Cr. Proc. § 56, on courts of special sessions, which includes jurisdiction under Pen. Code, § 291. *Held*, that the police justice of Rochester had jurisdiction of a child arrested under the latter section.

Appeal from Monroe county court.

Florence Angie, a girl under 16, was convicted of being in a place where intoxicating liquors were sold, and appeals. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

W. H. Sullivan, for appellant.

Howard H. Widener, Asst. Dist. Atty., for the People.

John P. Morse, for St. John's Catholic Protectory and Rochester Society for the Prevention of Cruelty to Children.

ADAMS, P. J. It is provided by section 291 of the Penal Code (subdivisions 4 and 5) that:

"Any child actually or apparently under the age of sixteen years, who is found * * * frequenting or being in * * * places where wines, malt or spirituous liquors are sold, without being in charge of its parent or guardian * * * must be arrested and brought before a proper court or magistrate who may commit the child to any incorporated charitable reformatory, or other institution, and when practicable to such as is governed by persons of the same religious faith as the parents of the child, or may make any disposition of the child such as now or hereafter may be authorized in the cases of vagrants, truants, paupers or disorderly persons, but such commitment shall, so far as practicable, be made to such charitable or reformatory institutions."

On the 11th day of December, 1901, the appellant, who was then under 16. years of age, was found by a police officer of the city of Rochester in a place where wines and malt and spirituous liquors were being sold, in company with another girl of about the same age, and was arrested and taken before the police justice of the city, where, after an examination, she was duly committed to St. John's Catholic Protectory, in the city of Buffalo. The place where the appellant was arrested was kept by an Italian named Jannoni, and when discovered she was sitting at a table with her girl companion and a number of men of various ages. She had been in this place once before on the day of her arrest, and several times prior thereto.

From the judgment of the county court affirming the judgment and commitment an appeal has been taken to this court, and several assignments of error are relied upon for a reversal of such judgment and commitment. Apparently, the one to which more importance is attached than to any other is that the appellant was arrested without a warrant, and without any information having been first filed. This court, in the case of People v. James, 11 App. Div. 609, 43 N. Y. Supp. 315, held that, before a party is placed on trial in a court of special sessions or in a police court, he should be charged by an information, clear and definite, and that the charge should be followed by a warrant specifically stating the crime alleged. That case, however, has no application to the one now under considera-

tion, for the reason that the offense for which the appellant in this proceeding was arrested is not a crime; and, if it were, it is one which was committed in the presence of the officer making the arrest. In re Knowack, 158 N. Y. 482, 53 N. E. 676, 44 L. R. A. 699; Code Cr. Proc. § 177. As was well said by the court below, the primary object of the statute in question is to save children from evil and debasing influences. It is purely reformatory in its nature, and designed not so much for the punishment of crime as for its prevention. Consequently it is one which does not fall within the rigid rules of criminal procedure. Moreover, the very language of the statute repels any idea of such formalities as are required in proceedings which are of a strictly criminal character, for it provides that "any child who is found" in certain places therein mentioned "must be arrested," etc. The appellant, who at the time of her arrest, confessedly, was not 16 years of age, was found in a place where liquors were sold, without being in charge of her parents or guardian, and some of the persons in the room where she was found were then actually engaged in drinking liquor which had been served to them by the proprietor of the place. She was therefore liable to arrest, and, by the provisions of sections 291 and 293 of the Penal Code, it became the duty of any peace officer who saw her in these circumstances to make such arrest.

The contention that the police justice of the city of Rochester was without jurisdiction to entertain this proceeding does not, in our opinion, merit serious consideration. The statute directs that a child found frequenting places where liquors are sold shall be arrested and "brought before a proper court or magistrate." That a police justice is entitled to such designation is made plain by section 147 of the Code of Criminal Procedure, which expressly declares that "the police and other special justices appointed or elected in a city, village or town" are magistrates, and it is equally clear that such officer is a "proper magistrate"; for section 394 of the charter of the city of Rochester (chapter 182, Laws 1898) gives to its police justice the jurisdiction conferred by section 56 of the Code of Criminal Procedure upon courts of special sessions, which includes, among other powers, the right to hear and determine charges involving cruelty to animals or children; and chapter 3 of the Penal Code, of which sections 291 and 293 form a part, is entitled "Abandonment and Other Acts of Cruelty to Children."

While we do not wish to be understood as asserting that a proceeding under this particular statute may be conducted arbitrarily and without any regard to the legal rights of the offender, we think that its enforcement in accordance with the obvious design of the lawmaking power of the state requires that considerable latitude in procedure should be allowed; and, in this view of the case, we fail to discover any assignment of error which is sufficiently serious and prejudicial to require a reversal of the judgment of the committing magistrate. The judgment appealed from should therefore be affirmed.

Judgment of county court and judgment of the police court affirmed, and case remitted to the police court of the city of Rochester, pursuant to section 547 of the Code of Criminal Procedure. All concur.