PEOPLE ex rel. WILSON v. WARDEN OF CITY PRISON OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. January 10, 1908.)

1. ARREST—CRIMINAL CHARGE—NECESSITY OF WARRANT.
   One charged with larceny from the person, which is a felony, may be lawfully arrested, either with or without a warrant.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 4, Arrest, § 144.]

2. CRIMINAL LAW—COMMITTING MAGISTRATE—JURISDICTION.
   Code Cr. Proc. § 188, provides that when a defendant is brought before a magistrate, on an arrest either with or without warrant on a charge of having committed a crime, the magistrate must immediately inform him of the charge and of his right to the aid of counsel, etc. *Held*, that where relator was brought before a magistrate charged with a felony, and raised no question as to her arrest, the magistrate had jurisdiction to examine the charge.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, §§ 468–473.]

3. SAME—COMPLAINT.
   A complaint alleging that the complaining witness was attacked on a public street within the territorial jurisdiction of the magistrate by relator and another woman, and that relator took from his pocket and carried away a pocketbook, of the value of $2, containing checks, papers, and cards, was sufficient to give the magistrate jurisdiction to hold relator.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, §§ 420–430.]

4. SAME—ORDER FIXING BAIL—MISUSE OF PRONOUN "HE."
   That a magistrate, in an order fixing bail, in two instances used the pronoun "he" for the pronoun "she," did not affect the magistrate's jurisdiction previously exercised in deciding that the evidence was sufficient to satisfy him that a crime had been committed and that there was sufficient cause to believe that defendants had committed it, and to issue a commitment thereon.
   [Ed. Note.—For other definitions, see Words and Phrases, vol. 4, p. 3224.]

Appeal from Special Term.

Habeas corpus by the people, on the relation of May Wilson, against the warden of the city prison of the city of New York. From an order sustaining the writ and discharging relator from custody, the people appeal. Reversed, and writ dismissed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Robert S. Johnstone, Deputy Asst. Dist. Atty., for the People.

LAUGHLIN, J. The warden of the city prison held the relator under a commitment duly issued by one of the city magistrates in due

form, charging her, upon the oath of one Walter B. Hatch, with having committed the crime of larceny from the person, which is grand larceny and a felony; and he was commanded by the commitment to hold her to answer to the Court of General Sessions. The commitment was annexed to the return. The relator then traversed the return by presenting the record of the proceedings before the city magistrate. This record does not show how the relator came to be taken before the magistrate; but that is immaterial, for she might have been lawfully arrested either with or without a warrant, and as she was before the magistrate and raised no question with respect to her arrest he had jurisdiction to examine the charge. Code Cr. Proc. §§ 168, 177, 188; People ex rel. Farley v. Crane, 94 App. Div. 397, 88 N. Y. Supp. 343.

The record shows that the complaining witness made a deposition in due form before the magistrate, on the day on which the relator was arraigned, specifically charging that the relator, in the nighttime, upon a public street in the borough of Manhattan, New York, feloniously took his pocketbook from the left-hand hip pocket of his trousers and carried the same away, and that the pocketbook was of the value of $2, and contained checks, papers, and cards. The record also shows that the relator was duly examined before the magistrate on this charge, and duly informed that she was at liberty to waive making a statement, and that she voluntarily submitted to an examination, and gave her name, age, place of birth, residence, and business, and that in answer to the question, "Give any explanation you may think proper of the circumstances appearing in the testimony against you, and state any facts which you think will tend to your exculpation," she said only, "I am not guilty." The deposition of the complaining witness clearly gave the magistrate jurisdiction to hold the relator; for it showed that he was attacked on a public street within the territorial jurisdiction of the magistrate by the relator and another woman, and that the relator took from his pocket the pocketbook and carried it away.

It is difficult to understand upon what theory the writ of habeas corpus was sustained, unless it be that it did not appear how the relator came to be before the magistrate, which, as has been seen, was not required, or upon the technical ground that in the record of the proceedings before the magistrate, after the recital that it appeared to the magistrate by the depositions that the crime had been committed and that there was reasonable cause to believe both defendants guilty thereof, in the order fixing the amount of bail in two instances the pronoun "he," instead of the pronoun "she," is used. This manifestly did not affect the jurisdiction of the magistrate, which had been duly exercised in previously deciding that the evidence was sufficient to satisfy him that the crime had been committed and that there was sufficient cause to believe that the defendants had committed it, and to issue the commitment thereon. We are of opinion, therefore, that the magistrate had jurisdiction, and that the deposition of the complaining witness was sufficient to warrant him in holding the relator to answer for the crime and to issue the commitment to that end.

Judges and courts are required, through the instrumentality of the writ of habeas corpus, to discharge from custody any person held without due process of law; but great care should be exercised in discharg-

ing this duty, to the end that those who are in custody by due process of law shall not be discharged, and thus enabled to escape the punishment which the law has prescribed for the crime with which they are duly charged. There has been no appearance for the relator on the appeal, and it may now be difficult or impossible to apprehend her again.

It therefore follows that the order should be reversed, and the writ of habeas corpus should be dismissed. All concur.